[Sac. No. 5141. In Bank.—February 25, 1938.]

BEULAH A. BARTON, Respondent, v. WIRT LUDY, Appellant.

Grayson Price and H. S. Clewett for Appellant.

Geis & Hogle and Clyde H. Larimer for Respondent.

EDMONDS, J.—The appellant in this case is a lessee of real estate and the respondent is the assignee of his colessee. The latter brought an action for partition of the leasehold interest and was awarded judgment. The appellant claims that the lease was made to him and his colessee as partners and is partnership property; that the title transferred by the assignment is subject to the interest of the partnership and that the respondent is not entitled to partition.

The property in controversy consists of 255 acres of land in Glenn County and is part of one of the farms which was leased by Sarah E. Ludy to her two sons, John Ludy and the appellant. By the terms of this agreement, which was recorded, Mrs. Ludy leased her property to "Wirt Ludy and John Ludy" without further description of the interest created in the lessees. Later, Mrs. Ludy died and upon the administration of her estate, the respondent, who is her daughter and the sister of Wirt and John Ludy, became the owner of the 255 acres of land which is now in dispute. John Ludy then transferred to the respondent by a written "assignment" his "rights as lessee" in the 255 acres of land to which the respondent had acquired title and she brought this action against her other brother as a tenant in common with her of the leasehold.

The issue between the parties is presented by the separate defense of the appellant. He pleaded that he and his brother John were partners and took the lease as such; that no assignment of any interest in the lease had been made by the partnership and that the leasehold interest is partnership property. Upon this issue the trial court found that the brothers had acquired the lease and had farmed the land as partners but that the partnership was secret and undisclosed as to respondent, and that, as to her and as to her mother before her, the lessees held the lease merely as cotenants. It further found that respondent was a transferee of John

Ludy's undivided one-half interest in the leasehold of the 255 acres for a valuable consideration and without notice of the partnership.

The appellant makes his chief attack upon the sufficiency of the evidence to support these findings. He contends that the evidence offered by the respondent, consisting of the lease, the assignment to her by John Ludy and the decree made in the administration of the estate of Sarah E. Ludy distributing the 255 acres of land, subject to the lease, to her, does not entitle the respondent to a partition of the leasehold interest in this property. The respondent rests her case upon the proposition that the appellant had the burden of proof to sustain his position and did not meet this requirement. She contends that the evidence that for fifteen years he and his brother, "as partners" had farmed the land leased to them by their mother, does not establish a partnership interest which will defeat the title shown by her.

Section 2404 of the Civil Code reads in part as follows: "(4) Where the title to real property is in the name of one or more of all the partners, or in a third person in trust for the partnership, a conveyance executed by a partner in the partnership name, or in his own name, passes the equitable interest of the partnership, provided the act is one within the authority of the partner under the provisions of paragraph (1) of section 2403." The section referred to provides: "(1) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on [in] the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority." These provisions, which are a part of the Uniform Partnership Act added to the law of this state in 1929, required the appellant to prove not only his brother's lack of authority to make an assignment but also that his sister had knowledge of that fact. The same rule has been applied without statutory authority. In *Dimity* v. *Dixon*, 74 Cal. App. 714, 719 [241 Pac. 905], it was held that the law casts upon one seeking to impress a trust upon property of a partnership which has been held in the name of one of the partners and conveyed by his heirs after his death,

the burden of showing that the grantee was either not a purchaser for value or that she took title with knowledge of the alleged infirmities. Undoubtedly the reason for such a rule is that at common law a partnership was a trust relationship; hence a partner suing to recover trust property is in a situation similar to that of a beneficiary of a trust who brings an action to recover trust property alleged to have been conveyed in violation of the terms of the trust. In such a case and where the trustee held title without terms indicating the trust, "it has been invariably held", this court said in *Bell* v. *Pleasant*, 145 Cal. 410 [78 Pac. 957, 104 Am. St. Rep. 61], that it is incumbent upon the plaintiff "not only to prove the facts establishing a trust, but also to prove that the grantee of the trustee took his conveyance with notice of the equities of the plaintiff". The same conclusion was reached in *Kowalsky* v. *Kimberlin*, 173 Cal. 506 [160 Pac. 673], where the court said: "The burden of proof is upon plaintiff to show due and sufficient notice to defendant of matters outside the record title tending to establish any resulting or constructive trust in plaintiff's favor."

The cases cited by appellant are not at variance with these conclusions. *Azevedo* v. *Sequiera*, 132 Cal. App. 439 [22 Pac. (2d) 745], involved merely the rights of the partners as between themselves to certain property after dissolution of the partnership. The case of *Perelli-Minetti* v. *Lawson*, 205 Cal. 642 [272 Pac. 573], while nearer the mark, is still not controlling. There the plaintiffs were the heirs of a deceased partner who sought to partition the partnership property which had been held in cotenancy. The court held that the surviving partner had the right under section 1585 of the Code of Civil Procedure (now sec. 571 of the Probate Code) to continue in possession for the purpose of winding up the partnership affairs. No rights of third persons were involved.

The appellant insists that the provisions of subdivision 3 of section 2404 of the Civil Code places the burden of proof on one claiming partnership property against the partnership as a *bona fide* purchaser without knowledge. But that provision is limited by its terms to an action brought by a partnership to recover its assets; it has no application here.

Another contention of the appellant is that the respondent may not claim as a holder for value and without notice because her assignment from John Ludy purports to transfer only the interest he had. "That a deed conveys

merely 'the right, title and interest' of the grantor does not prevent the grantee from being a purchaser for a valuable consideration, without notice, within the recording laws, so as to be protected from unrecorded instruments affecting the title to the property of which he had no notice.'' (*Beach* v. *Faust*, 2 Cal. (2d) 290, 293 [40 Pac. (2d) 822].)

The judgment is affirmed.

Curtis, J., Langdon, J., Shenk, J., and Houser, J., concurred.