In re Gilbert John MARINO, Debtor.

PLACER SAVINGS & LOAN ASSOCIA-
TION, a state savings and loan
association, Plaintiff,

v.

Edward M. WALSH, as Trustee in Bank-
ruptcy of Gilbert John Marino, Leo Lu-
gliani, Devcon of California, Inc., a
California corporation, G.L.X. Proper-
ties, a California partnership, Waters'
Edge Homes, a joint venture, G.W.
"Joe" Holsinger, George Durlester, Da-
vis & Young, a California partnership,
Davis, Young & Mendelson, a Califor-
nia partnership, and Agar Roofing, De-
fendants.

and Related Cross and
Consolidated Actions.

Nos. C–84–1232–CAL, C–84–3679–CAL.
Bankruptcy No. 3–82–00353LK.
Adv. No. 3–83–1210–JR.

United States District Court,
N.D. California.

March 27, 1985.

Koller, MacConaghy & Owens, Lynn Anderson Koller, John H. MacConaghy, Emeryville, Cal., for plaintiff.

Jeffrey J. Goodrich, Buchalter, Nemer, Fields, Chrystie & Younger, San Francisco, Cal., William H. Holsinger, San Mateo, Cal., for defendants.

## OPINION AND ORDER FOR SUMMARY JUDGMENT

LEGGE, District Judge.

This case is before the court on cross-motions for summary judgment.

Defendant is the trustee in bankruptcy of Gilbert Marino. Defendant alleges that by virtue of his statutory "strong-arm" powers (11 U.S.C. § 544(a)(3)) he is entitled as a matter of law to avoid certain alleged liens against an apartment building (the "property") of which Marino was a partial owner.

Plaintiff Placer Savings & Loan Association now owns 100% of the property. It seeks contribution from former co-owners of the property, including Marino, for payments it made to holders of claims against the property (the "claimants"). Plaintiff raises numerous objections to the trustee's exercise of his statutory power and moves for summary judgment in its own favor.

I.

Marino filed his bankruptcy petition in February 1982. At that time the record title to the property showed that Marino owned an undivided 18.35%; Lugliani owned 18.35%; and Xuerebs owned the remaining 63.3%. In October 1983, Placer purchased the Xuerebs' 63.3% interest. Defendant as bankruptcy trustee succeeded to Marino's 18.35% interest. In March 1984, the Bankruptcy Court authorized the sale of the property under 11 U.S.C. § 363(h).[1] In May 1984, Placer exercised

---

1. 11 U.S.C. § 363(h) provides as follows:

Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, immediately before the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners

its right as a co-owner under § 363(i)[2] to purchase 100% of the property, which it now owns.

At the time of sale to Placer there were four claims against the property. It is admitted that those claims were not recorded liens at the time of Marino's bankruptcy. A fund was established out of the proceeds of the sale of the property in order to pay claims, and Placer has paid at least some of the claims in full.

This action seeks a determination by Placer that Lugliani and defendant are liable for their *pro rata* share of claims. Defendant asserts that under 11 U.S.C. § 544(a)(3) he is not liable for those claims as a matter of law. He argues that because the claimants had not perfected or recorded their interests in the property at the time of Marino's bankruptcy, he is a hypothetical bona fide purchaser and took title to the property free and clear of claims.

## II.

### A.

Title 11 Section 544(a)(3) provides in part as follows:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> (3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

> outweighs the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

**2.** 11 U.S.C. § 363(i) provides as follows:

This statute gives the trustee the status of a bona fide purchaser of the property of the debtor as of the date of the petition for bankruptcy. As such, he can avoid unrecorded or secret liens.

The trustee's rights and duties are defined as those of a bona fide purchaser. *See, e.g., In re Euro-Swiss International Corp.,* 33 B.R. 872, 879 (Bkrtcy.S.D.N.Y. 1983). The powers of, and limitations on, the trustee as a bona fide purchaser are generally determined by state law. *In re Morse,* 30 B.R. 52, 54 (Bkrtcy.App. 1st Cir. 1983); *In re Gurs,* 27 B.R. 163 (Bkrtcy. App. 9th Cir.1983) (applying California law); *In re Great Plains Western Ranch Co., Inc.,* 38 B.R. 899 (Bkrtcy.C.D.Cal.1984) (applying Mississippi and Texas law). However, the above statute expressly provides that the trustee's own knowledge of competing interests is to be ignored. This has been interpreted to mean that the trustee is bound only by constructive or inquiry notice. *McCannon v. Marston,* 679 F.2d 13, 16–17 (3d Cir.1982); *In re Fitzpatrick,* 29 B.R. 701 (Bkrtcy.W.D.Wis.1983); *In re Richardson,* 23 B.R. 434, 439 (Bkrtcy.D. Utah 1982).

The defendant trustee invokes that statute here in order to avoid Marino's share of the claims against the property and the proceeds of the sale.

### B.

Placer objects for several reasons.

1. The alleged partnership.

On the date of his bankruptcy petition, Marino owned 18.35% of the property; Lugliani owned the same amount; and the Xuerebs owned the remaining 63.3%. The official records of San Mateo County regarding the property did not disclose any partnership.

> Before the consummation of a sale of property to which subsection (g) or (h) of this section applies, or of property of the estate that was community property of the debtor and the debtor's spouse, or a co-owner of such property, as the case may be, may purchase such property at the price at which such sale is to be consummated.

However, plaintiff offers evidence to the effect that the three owners operated the property as a partnership, and copies of partnership tax returns for the property have been submitted as exhibits to these motions.[3] Placer argues that the trustee's rights as a bona fide purchaser are circumscribed by the Uniform Partnership Act, Cal.Corp.Code § 15000 *et seq.*

■ However, the court concludes that for purposes of administering the estate of a bankrupt, both Section 544(a)(3) and state law require that the rights and duties of a bankruptcy trustee as a bona fide purchaser of the property of the bankrupt be determined by the record title on the date of the petition in bankruptcy. Where ownership of real property is carried on the official records in the name of individuals, with no indication on the record of the alleged partnership character of such ownership, the grantee of a record owner who acquires ownership in good faith, for value, and without notice of the alleged partnership interest is protected. *1 Powell on Real Property*, para. 131, at 544–45 (1984); 48 Cal.Jur.3d, *Partnership* § 42, at 454 (1979). *See Barton v. Ludy*, 11 Cal.2d 1, 4–5, 76 P.2d 654 (1938).

■ Section 544(a)(3) enables the trustee, as a bona fide purchaser, to take the property free of all unrecorded conveyances of which he had no constructive notice. He also takes title to the real property free from all equitable liens. *Stepp v. McAdams*, 88 F.2d 925, 928 (9th Cir.1937).

■ The alleged partnership interests and claims against the property were not recorded at the time of the bankruptcy petition. Defendant therefore takes the property free of them.

**2. The alleged personal property.**

Plaintiff argues that the apartment house was on leased land; that leased land is personal property; and therefore the building is too. And because § 544(a)(3) is limited to real property, plaintiff believes that the trustee cannot rely on that section.

■ Under California law, a leasehold interest is personal property. But a building on it is real property; Cal.Civ.Code § 658. *Las Animas & San Joaquin Land Co. v. Fatjo*, 9 Cal.App. 318, 99 P. 393 (1908). The apartment building owned by Marino was thus real property, against which the trustee's § 544(a)(3) powers could be invoked.[4]

**3. The alleged fixtures.**

■ On July 10, 1984, Congress amended § 544(a)(3) to add the words "other than fixtures" to delimit the trustee's avoidance powers. This amendment is only effective as to cases filed 90 days after July 10, 1984. Plaintiff's case was filed in this court on March 15, 1984. This was before the amendment was enacted, and six months before it became effective.

**4. Procedural arguments.**

■ Plaintiff argues that the trustee is barred from asserting his § 544(a)(3) rights by his failure to plead the statute either as an affirmative defense or as a counterclaim.

Rule 8(c) of the Federal Rules of Civil Procedure, made applicable in bankruptcy proceedings by Rule 7008 of the Rules of Bankruptcy Procedure, lists certain matters which constitute affirmative defenses. Rule 8(c) also contains the clause "and any

**3.** In light of the conclusion below, it is unnecessary to reach the factual issue of whether this property was in fact owned by a partnership. In the absence of a written partnership agreement, Placer would face difficulties in proving a partnership, not the least of which is the legal difficulty posed by 11 U.S.C. § 363(h), a subsection invoked by Placer to buy 100% of the apartments, but a section that does not by its language literally apply to partnership property. *See In re Victory Pipe Craftsmen, Inc.*, 12 B.R. 822, 824 (Bkrtcy.N.D.Ill.1981) (applying Illinois

law); *see also In re Norman*, 32 B.R. 562, 568 (Bkrtcy.W.D.Mo.1983) (dictum).

**4.** The rights in the proceeds of the later sale of the property are dependent on the rights in the building itself. If § 544(a)(3) operates to terminate liens against the building, it does so as of the commencement of the bankruptcy. A later sale of the building does not revive those claims or create rights in the proceeds.

**604**

other matter constituting an avoidance or affirmative defense."

The provisions of Federal Rule 13, relating to counterclaims, are also applicable in adversary proceedings in bankruptcy. Rule 7013 of the Rules of Bankruptcy Procedure.

Placer has not cited, and the court has not found, any case that specifically identifies a § 544 claim as a required affirmative defense under Rule 8(c), or as a counterclaim under Rule 13. *Cf. In re Best Pack Seafoods, Inc.,* 29 B.R. 23, 24 (Bkrtcy.D. Me.1983) (§ 547 preference claim pleaded as a counterclaim). Nor does the court find that either procedure was required here. The trustee's answer denied those paragraphs of Placer's complaint that alleged that Placer was entitled to be repaid by the trustee for all payments made to the claimants. Similarly, the trustee admitted paragraph 28 of a claimant's cross-complaint, which reads as follows: "Edward M. Walsh [defendant] ... contends that the bankruptcy estate is not indebted to cross-complaints or, in the alternative, that the obligation of the bankruptcy estate to the cross-complainant is not secured by the subject real property, leasehold and improvements." A copy of this answer was served on Placer. Both the general denial in the answer to the complaint, and the admission in the answer to the cross-complaint, gave Placer notice that the trustee denied the validity of the claims against the bankrupt.

### III.

The court finds, and the parties agree that there is no genuine issue as to any material fact.

IT IS THEREFORE ORDERED that the motion for summary judgment of defendant Edward M. Walsh, as trustee in the bankruptcy of Gilbert Marino, and against plaintiff is granted. The summary judgment motion of plaintiff against defendant Edward M. Walsh as trustee is denied.

Judgment shall be entered in favor of defendant Edward M. Walsh, as trustee in the bankruptcy of Gilbert Marino:

(1) Determining that under 11 U.S.C. § 544(a)(3) defendant obtained title to Gilbert Marino's interest in the property free and clear of all obligations for the payment of the claims;

(2) Providing that defendant is entitled to receive the estate's portion of the net proceeds from the sale of the property free and clear of any liens, partnership interests or rights of contribution or recoupment; and

(3) For costs of suit.

Defendant is directed to file with this court, and serve on the other parties, within ten (10) days of the date of this order, a proposed form of judgment consistent with this opinion.