[Civ. No. 2148.  First Appellate District.—September 12, 1917.]

JESSIE E. HOUTS, Appellant, v. FIRST TRUST AND SAVINGS BANK (a Corporation), et al., Respondents.

FRAUD—UNRECORDED LEASE TO WIFE—MORTGAGEE WITHOUT NOTICE.— Where a husband and wife owning real property and occupying the same as their family residence joined in a deed thereof to a third party upon the understanding between themselves and their grantee that he would at once execute a lease thereof to the wife for the term of forty years at the nominal rental of one dollar per annum, and, apparently, upon the further understanding that he would presently convey the property to a corporation, which was simply a name or mask under cover of which the husband conducted some portions of his business, and such lease was thereupon executed but never recorded, and the property conveyed to the corporation, the grantee receiving no consideration for either transaction, the property became community property; and a bank taking a mortgage on the property from the corporation is not put upon notice that the wife had any interest in the property adverse to the husband, nor is she required to be made a party to a foreclosure action, such lease being fraudulent and void as to the mortgagee.

APPEAL from an order of the Superior Court of Alameda County denying a new trial.  T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Jas. P. Sweeney, for Appellant.

Gibson & Woolner, for Respondents.

RICHARDS, J.—This is an action in which the plaintiff sought to restrain the defendants from enforcing a writ of assistance for the eviction of herself from the possession of the premises involved in the action.

The facts of the case were these: Prior to January 7, 1907, the plaintiff and her husband, W. A. Houts, were the owners of the premises in question and occupied the same as their family residence.  On the above date they joined in a deed to the property to one Edward O'Gara upon the understanding between themselves and their grantee that he would at once execute a lease thereof to the plaintiff for the term of forty years at the nominal rental of one dollar per annum;

and, apparently, upon the further understanding that he would presently convey the property to a corporation known as the Traders' Investment Company: The said O'Gara immediately executed said lease, delivering the same to the plaintiff, who in turn gave it to her husband, who put it away in his safe deposit box. This lease was never recorded. A few days later O'Gara conveyed the property to the Traders' Investment Company. There was no consideration moving to O'Gara for any of these transactions, and the Traders' Investment Company was simply a name or mask under cover of which said W. E. Houts, husband of the plaintiff, conducted some portions of his business. Having thus acquired the title to the property, the Traders' Investment Company proceeded to mortgage the same to the defendant, First Trust and Savings Bank, for a loan of nine thousand five hundred dollars. This loan not being repaid the mortgagee brought an action to foreclose its mortgage, to which action the said W. A. Houts and his wife, the plaintiff herein, were not made parties, and in due course of the proceedings obtained a judgment of foreclosure directing a sale of the property, at which sale the said mortgagee became the purchaser thereof for the amount of the judgment debt, and, the time for redemption having expired, received a deed to the premises. During all of this time the said W. A. Houts and his wife had been occupying the premises as their residence, but without disclosing to anyone, and particularly to the mortgagee, the fact of the existence of the plaintiff's lease, up to the time when the latter sought to enforce its right of possession by the eviction of Houts and his wife from the property; whereupon the present action was instituted to restrain the enforcement of the writ of assistance issued in that behalf.

The trial court held the transaction by which the claims of the plaintiff as to her right of possession under said lease arose to be fraudulent, and refused the plaintiff the relief she sought.

We are entirely satisfied that the trial court committed no error in its ruling in this regard. Whether W. A. Houts and his wife held the title to the property prior to January 7, 1910, as community property or in the relation of tenants in common is immaterial, for the reason that when they joined in a deed conveying it to O'Gara upon the understanding that he was to transfer it to the Traders' Investment Company—

which was simply another name for W. A. Houts—it then lost its former quality and became community property, and for the further and perhaps better reason that the property was the family dwelling place, and as such was in the possession of W. A. Houts, the head of the family; and whatever occupancy the plaintiff had therein it amounted merely to the possession of the property not by herself but by her husband to the eyes of the outside world. This being so, the First Trust and Savings Bank when it took the mortgage upon the property was in no wise put upon notice that the plaintiff herein had or asserted any claim or interest in the premises adverse to the possession of her husband, and was not therefore required to investigate the nature of her occupancy as the wife of the apparent owner, nor was the said mortgagee required to make her a party to its foreclosure action in order that she might be bound by the judgment obtained therein.

In the present action the defendant, First Trust and Savings Bank, pleaded and proved in detail the foregoing facts, and the court found the transaction out of which grew the plaintiff's asserted lease to be fraudulent from its inception and said lease to be void.

A closely analogous case to the case at bar is that of *Bush & Mallett Co.* v. *Helbing,* 134 Cal. 676, [66 Pac. 967], wherein the supreme court held a similar transaction to be fraudulent and void. Upon the authority of that case the judgment and order are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.