[Civ. No. 30301. Fourth Dist., Div. Three. Sept. 13, 1983.]

ROSEMARY JAGGER KANE, Plaintiff and Appellant, v.
HUNTLEY FINANCIAL et al., Defendants and Respondents.

COUNSEL

John N. Flood for Plaintiff and Appellant.

Paul C. Barnum for Defendants and Respondents.

OPINION

**WALLIN, Acting P. J.**—Rosemary Jagger Kane appeals a judgment declaring a trust deed in favor of Huntley Financial to be a valid and proper encumbrance on her residence.

### FACTS

In October 1969, Rosemary Jagger Kane and Stephen J. Kane acquired title to a residence as husband and wife in joint tenancy. In 1973 Rosemary paid off the existing mortgage. Stephen orally agreed to consider the property as her separate property. However, record title remained unchanged.

In 1977, Rosemary commenced an action for dissolution of her marriage to Stephen. The trial court dissolved the marriage in May 1978 and reserved jurisdiction over custody and property issues. In May 1980, the trial court entered final judgment on the bifurcated issues and declared the residence to be the separate property of Rosemary.

On July 14, 1978, Stephen applied for a loan from Huntley Financial representing that he and Rosemary were married and living together in the residence. Record title to the property was still in both their names as joint tenants. Relying on this information, Huntley Financial approved a $12,000 loan to Stephen on October 5, 1978. Stephen executed a trust deed encumbering the house as security for his promissory note.

Rosemary had no knowledge of and did not consent to the execution of the trust deed, which was recorded on October 10, 1978. Shortly after recordation she learned about the note and trust deed and initiated this action asking the court to declare that the trust deed was not a valid encumbrance on the property. The trial court issued a preliminary injunction restraining foreclosure pending final resolution of the action.

On February 1, 1982, the trial court entered a judgment declaring the trust deed to be "a valid and proper encumbrance upon the real property" because Huntley Financial did not have notice that Stephen was no longer

a joint tenant. The court ruled Rosemary was estopped from claiming the house as separate property as to Huntley's claims because she allowed Stephen to remain a joint tenant of record. Finally, the court dissolved its preliminary injunction.

DISCUSSION

The issues on appeal are: (1) Whether the trial court correctly found the trust deed to be a valid encumbrance; and (2) if so, whether the encumbrance attached to the entire property or only to Stephen's one-half interest of record.

A. *Validity of the Encumbrance.*

■ Civil Code section 1214 provides: "Every conveyance of real property . . . is void as against any subsequent . . . mortgagee of the same property . . ., in good faith and for a valuable consideration, whose conveyance is first duly recorded . . . ." Huntley claims protection under the recording act because it is a bona fide encumbrancer for value without notice of Rosemary's unrecorded claim to the entire property as her sole and separate property.

In approving the loan to Stephen, Huntley understandably relied on the record title. The evidence shows Huntley made no inquiry of Rosemary regarding title or possession of the property and had no actual notice of her claim.

Rosemary argues Huntley should be charged with constructive knowledge of her claim because she was in sole possession of the house. She relies on cases holding "possession of property by another requires a party acquiring an interest in property to investigate, and the party is chargeable with whatever knowledge would be gained by such investigation." (*American Medical International, Inc.* v. *Feller* (1976) 59 Cal.App.3d 1008, 1020 [131 Cal.Rptr. 270], and cases there cited.) Although Rosemary was in Phoenix when the loan application was processed, her mail was being forwarded and she contends Huntley could have contacted her by letter. Once informed of the circumstances, Rosemary maintains she would have had an opportunity to inform Huntley of her claim.

However, the duty to investigate does not apply "when apparent possession is consistent with title appearing of record." (*Caito* v. *United California Bank* (1978) 20 Cal.3d 694, 702 [144 Cal.Rptr. 751, 576 P.2d 466].) In *Caito,* the California Supreme Court refused to subordinate the claim of a subsequent innocent encumbrancer to a prior unrecorded secret lien be-

tween joint owners of property. In reaching this conclusion, the court stated "[j]oint ownership is not in itself a circumstance sufficient to impose a duty on an encumbrancer to inquire whether there are unrecorded agreements between joint owners." (*Id.*, at p. 702.)

In the present case, Huntley conducted a title search which disclosed title was held by Rosemary and Stephen in joint tenancy. Stephen's loan application represented he and Rosemary lived together in the house. Although that representation was false, Huntley was justified in relying on it. Apparent possession was consistent with record title, and under the holding of *Caito* Huntley had no duty to inquire further about possession of the house.

Moreover, to protect her separate property claim to the property Rosemary could have recorded a lis pendens pursuant to Code of Civil Procedure section 409 to give constructive notice to any encumbrancer of a pending title dispute. The judgment on the bifurcated property issues declaring the residence to be her separate property was not entered until May 30, 1980. Accordingly, title to the residence was in dispute when Huntley approved the loan to Stephen in October 1978. Because Rosemary failed to record a lis pendens at the initiation of the dissolution proceeding and because Huntley justifiedly relied on record title, we hold the encumbrance to be valid.

B. *Interest Attached by the Encumbrance.*

█ Although record title to the property was in joint tenancy, Stephen alone executed the promissory note and deed of trust encumbering the property. Rosemary did not know of, nor did she consent to the transaction. However, the instrument grants "the *property*" rather than merely Stephen's *interest* to Safeco as trustee.

Huntley apparently wishes to foreclose on the entire property, not just on Stephen's one-half interest of record. The trial court's judgment would impliedly allow sale of the entire property. Tracking the language of the deed of trust, the judgment declares the trust deed to be a valid encumbrance *on the property*.

In *Caito* v. *United California Bank, supra,* 20 Cal.3d 694, there were two liens encumbering jointly owned property. The cotenants, the Caitos and the Caponis, were both liable on the note secured by the first trust deed on the property. However, without the knowledge or consent of the Caitos, the Caponis secured certain notes by placing a second trust deed on the Caponis' interest in the property. (*Id.*, at p. 699.)

The court noted: "When a cotenant has separately encumbered his interest in the property and, as here, such encumbrance is one of the subordinate

liens, it attaches only to such cotenant's interest." (*Id.,* at p. 701.) The court held that after the holder of the first deed of trust foreclosed, "the UCB lien, represented by its second deed of trust, attached to only the Caponis' one-half interest in the surplus fund." (*Ibid.*)

In *Schoenfeld* v. *Norberg* (1970) 11 Cal.App.3d 755 [90 Cal.Rptr. 47], a creditor attempted to enforce a money judgment against Bruce Schoenfeld by levying upon his residence held in joint tenancy with his wife. The court noted if the residence was community property, the entire property would be subject to execution for the husband's debt. On the other hand, if the property was held in joint tenancy, the wife's separate property one-half interest would not be liable for her husband's debts. (*Id.,* at p. 760.) In addition, the court stated "one cotenant may encumber his undivided interest in property without the consent of the other tenants; the encumbrance affects his interest only." (*Id.,* at p. 765, citing *Haster* v. *Blair* (1940) 41 Cal.App.2d 896, 898 [107 P.2d 933].)

Stephen executed and recorded a deed of trust encumbering the property to secure his own personal debt.[1] According to *Caito* and *Schoenfeld,* the lack of consent from Rosemary as cotenant, precludes Stephen from encumbering the entire property. Stephen could encumber only his own interest in the property. In fact, Stephen's interest in the property was in dispute when he applied for the loan because the judgment declaring the residence to be Rosemary's separate property was not entered until May 1980. His apparent interest in the property, however, and the interest relied upon by Huntley, was a one-half interest as a joint tenant.[2] Thus, the encumbrance on the property could attach only to Stephen's apparent one-half interest.

---

[1]The final judgment of dissolution of the Kane marriage entered on May 30, 1980, specifically found the Huntley note to be Stephen's sole and separate obligation.

[2]The property is treated as being held in joint tenancy rather than community property because the community property presumptions of Civil Code section 5110 do *not* apply. Civil Code section 5110 provides that as to real property acquired prior to January 1, 1975 "by husband and wife by an instrument in which they are described as husband and wife, unless a different intention is expressed in the instrument, the presumption is that such property is the community property of the husband and wife." Since the grant deed by which the Kanes acquired the property provides that title is in joint tenancy, a different intent is expressed and the community property presumption does not apply.

Another relevant portion of section 5110 provides "When a single-family residence of a husband and wife is acquired by them during marriage as joint tenants, *for the purpose of division of such property upon dissolution of marriage or legal separation only,* the presumption is that such single-family residence is the community property of the husband and wife." (Italics added.) This presumption applies only in dissolution proceedings for the purpose of dividing the property. It does not affect the rights of third party creditors. Because the present proceeding does not involve dissolution of the marriage, the community property presumption does not apply and the property maintains its joint tenancy character.

CONCLUSION

Huntley is entitled to a first trust deed encumbering one-half of the property. It will be able to cause a trustee's sale of that interest only. The buyer at the sale will become a tenant in common with Rosemary and will be able to force partition and sale of the property under Code of Civil Procedure section 872.010 et seq.

The judgment is modified as above.

Sonenshine, J., and Nomoto, J.,* concurred.

A petition for a rehearing was denied October 7, 1983, and appellant's petition for a hearing by the Supreme Court was denied November 9, 1983. Mosk, J., was of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.