In re Martin J. CIRASUOLO, Patricia Cirasuolo, Debtors.

Stephen D. GERLING, Trustee, Plaintiff,

v.

Martin CIRASUOLO, Patricia Cirasuolo and Florian Zielonka, Defendants.

Bankruptcy No. 81–01597.
Adv. No. 82–0257.

United States Bankruptcy Court, N.D. New York.

March 20, 1985.

* *Ed. note:* not submitted for publication.

Stephen D. Gerling, Utica, N.Y., Trustee.

Leon J. DeBernardis, Utica, N.Y., for defendant-debtors.

Joel L. Marmelstein, Utica, N.Y., for defendant-Florian Zielonka.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

LEON J. MARKETOS, Bankruptcy Judge.

This adversary proceeding is before the Court pursuant to the Trustee's complaint filed against Martin R. and Patricia Cirasuolo (hereinafter, the Debtors) and Florian Zielonka (hereinafter, Zielonka). The Trustee requests the Court to make a determination as to which of the aforementioned parties owns the equitable and legal interests in real property located at 52 and 54 Dudley Avenue, Yorkville, New York (hereinafter, the Properties). The Court held a hearing to allow the parties to submit their proof. Based on the testimony and documentary evidence submitted, the Court makes the following findings of fact:

On November 9, 1981, the Debtors filed a joint petition under Chapter 7 of Title 11, U.S.C. (hereinafter, the Code). Prior thereto, on October 25, 1979, the Debtors deeded the Properties to Zielonka as security for a loan as evidenced by a $34,000.00 note (hereinafter, Note), Exhibit 9, executed by Martin Cirasuolo and running to Zielonka.

The deeds were recorded in the Oneida County Clerk's office approximately one year later on October 20, 1980. However, the Note was not recorded concurrently nor was it ever recorded.

Zielonka testified the reason he took the deeds to the Properties was because he was loaning large amounts of money to the Debtors for them to invest in renovating the Properties. He stated that he made several loans to the Debtors which totalled $34,000.00 and that as the debt increased, he sought some security so he took the deeds as security for the loan. (It should

be noted Zielonka is the father of Patricia Cirasuolo.)

The Debtors executed an undated Bond and Mortgage on the Properties in behalf of Zielonka, however, this was never recorded. In addition, on December 21, 1980, Zielonka executed two deeds reconveying the Properties back to the Debtors, however, these also were never recorded.

Finally, testimony of all the parties established that throughout the pertinent time period, the Debtors and not Zielonka, paid all real property taxes and related charges incurred with regard to the Properties. In addition, the testimony established Debtors took a business expense tax deduction on one of the Properties as it was utilized for rental property.

## DISCUSSION

It is clear the parties intended the deeds of the Properties issued to Zielonka to constitute security for the loans and that these were not intended to actually transfer ownership. This is buttressed by the fact that the Debtors and not Zielonka paid the real property taxes on the Properties and they also took a business expense deduction on their taxes for one of the Properties. Therefore, the Court finds the Properties are owned by the Debtors subject to a mortgage held by Zielonka.

Under New York Law, in order for a person to properly record a deed absolute on its face which is intended as a mortgage, the mortgagee must record the deed as well as "every writing, operating as a defeasance ..., or explanatory of its [the deed] being desired to have the effect only of a mortgage, ..." 49 N.Y. Real Property Law § 320 (McKinney 1909). In the instant case, the facts clearly establish the Note, i.e., the defeasance, was not recorded with the deeds to the Properties. Therefore, the question now becomes whether the Trustee as a bona fide purchaser under Code § 544(a)(3) takes priority over Zielonka's improperly recorded interest.

The outcome of this proceeding turns on the interpretation of Code § 544(a), the so-called "strong arm" powers of the Trustee. This section provides, in pertinent part, as follows:

(a) The trustee shall have, as of the commencement of the case, and *without regard to any knowledge of the trustee or of any creditor,* the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

\* \* \* \* \* \*

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists. (Emphasis added).

It is the position of the Trustee, that as a bona fide purchaser, he takes priority over all unrecorded and improperly recorded interests of third parties. Therefore, as Zielonka's mortgage interest is improperly filed, the Trustee, pursuant to his strong arm powers, takes priority and can avoid the mortgage interest held by Zielonka.

In response, Zielonka, through his attorney, agrees the Trustee would prevail over Zielonka's interest if it was not recorded at all. However, as Zielonka recorded the deeds, albeit improperly under New York law, the Trustee had recorded notice that a deed was filed which appeared to divest title from the Debtors. This notice, Zielonka asserts, is sufficient to defeat Trustee's powers as a hypothetical bona fide purchaser.

For the reasons set forth herein, the Court finds the position of Zielonka persuasive and, therefore, determines the Trustee may not avoid Zielonka's mortgage, but rather, he takes subject to such interest.

It is clearly settled that although the Trustee's status as of the date of the petition is conferred by Code § 544, his rights with regard to third parties are to be

determined in accordance with state law. *In re Minton Group, Inc.*, 27 B.R. 385 (Bankr.S.D.N.Y.1983); *In re Morse*, 30 B.R. 52 (BAP 1st Cir.1983); *McCannon v. Marston*, 679 F.2d 13 (3rd Cir.1982). Therefore, the Court must refer to New York law to determine the rights of the Trustee vis-a-vis Zielonka.

In the case *sub judice*, under applicable New York law, it was impossible for any person, hypothetical or actual, to have been a bona fide purchaser without notice so as to take priority over Zielonka's improperly recorded mortgage. 49 N.Y. Real Property Law § 291 (McKinney 1984) establishes that an *unrecorded* mortgage is void as against a subsequent purchaser who takes in good faith and for a valuable consideration from the same vendor whose conveyance is first duly recorded.

It has been held that "a purchaser cannot claim protection as a bona fide purchaser where, ..., it appears from documents and facts known at the time of purchase that there may be a substantial defect in the ... claim of title". *Ricker v. United States*, 417 F.Supp. 133, 140 (D.C.Me.1976). In addition, it has been stated that a bona .fide purchaser is a person who checks the recording office so as to be aware of any impairment or problem with record title. *Doyle v. Lazarro*, 33 A.D.2d 142, 306 N.Y. S.2d 268 (App.Div. 3d Dep't.1970), *aff'd*, 33 N.Y.2d 981, 353 N.Y.S.2d 740, 309 N.E.2d 138 (1974). Finally, the Court makes note that § 291 of N.Y. Real Property Law provides that an "unrecorded" mortgage is void as against a subsequent purchaser. It is unclear what effect this section has on an improperly recorded mortgage.

■ Based on the present facts, although the mortgage interest held by Zielonka was improperly filed, the Court finds the Trustee takes subject to the constructive notice accorded by Zielonka's filing of the deeds. A review of the title records by the Trustee would have provided notice of the fact that a problem existed with the alleged interest of the Debtors as record title to the Properties was held by Zielonka rather than the Debtors. Therefore, the failure of the Trustee to refer to the recording office requires the Court to hold the Trustee takes subject to the mortgage interest of Zielonka.

The Trustee argues that any knowledge which might be imputed to him from the improper mortgage filing is irrelevant because of the language in Code § 544(a) which states the Trustee is a bona fide purchaser "without regard to any knowledge of the Trustee or any creditor." However, if the Trustee's argument were carried to its logical conclusion, it would appear the Trustee would be able to defeat a prior mortgagee who made a proper filing of its interest.

This question was squarely addressed in the case of *McCannon v. Marston, supra.* In that case, the Court applied Pennsylvania law which provides that a subsequent purchaser does not take priority over a person who is in clear and open possession of the real property, even if such prior interest is unrecorded. *Id.* at 16. The trustee in *McCannon* argued, and the lower courts agreed, the phrase in Code § 544: "without regard to any knowledge of the trustee", had the effect of making ineffective any constructive notice imputed to the trustee by possession of the property. *Id.* The *McCannon* Court rejected the trustee's position, and reversed the lower courts, stating the words "without regard to any knowledge" were not intended to nullify all state law protection accorded prior purchasers or mortgagees. *Id.* The Court stated the "reference to the trustee's or creditor's knowledge appears to have originated out of a concern that actual knowledge might affect the trustee's status as a hypothetical judicial lien creditor." *Id.* In reliance on the Report of the Commission on the Bankruptcy Laws of the United States, H.R. Doc. No. 93–137, Part II, 93rd Cong., 1st. Sess. 160–61 & n. 3 (1973), the Court stated further, "the trustee's status as hypothetical lien creditor should not be affected by any knowledge which he, *personally*, or any or all creditors may have." *Id.* (Emphasis added). Further support for this position is derived

from the case of *In re Minton Group Inc., supra,* where the Court stated when addressing the identical issue, "the trustee confuses lack of [personal] knowledge with lack of [record] notice." *Id.* at 388.

■ Therefore, when determining whether the Trustee's bona fide purchaser status as conferred by Code § 544(a)(3) is sufficient to prevail over a prior mortgagee's interest, the question to be addressed is whether an actual purchaser who diligently searched the records on file at the county clerk's office would have had reasonable notice of an impairment or problem with record title.

In the present case, the Court finds that had the Trustee searched the records on file, he would have found the potential title problem as record title was not even held by the Debtors, but rather, by Zielonka. Therefore, the Trustee takes subject to Zielonka's mortgage interest.

IT IS SO ORDERED.