**In re Peter HEINIG, Debtor.**

**Eric WOLF, Trustee, Plaintiff,**

**v.**

**Jacqueline Jeanne HEINIG, Doreen M. Heinig, Peter Heinig and all persons claiming by, through or under them, Defendants.**

Bankruptcy No. C85–1020–H7.
Related Case No. 82–03342–P7.

United States Bankruptcy Court,
S.D. California.

Sept. 9, 1986.

Mark R. Moore, Moore & Bailey, La Mesa, Cal., for trustee/plaintiff.

Kenneth R. Stephens, San Diego, Cal., for defendants.

## OPINION AND ORDER FOR SUMMARY JUDGMENT

JOHN J. HARGROVE, Bankruptcy Judge.

This case is before the Court on a motion for summary judgment by the trustee.

Plaintiff is the trustee in bankruptcy of Peter Heinig ("debtor"). Trustee alleges that by virtue of his statutory "strong-arm" powers (11 U.S.C. § 544(a)(3)) he is the owner of an undivided 20% interest in residential real estate ("subject property") of which the debtor appears as 20% record owner.

Defendant Jacqueline Jeanne Heinig ("Heinig") is record title holder of an 80% one half interest in the subject property. Heinig objects to the trustee's exercise of his statutory powers and moves for summary judgment in her favor.

### I.

### STATEMENT OF FACTS

Debtor filed his bankruptcy petition on August 9, 1982. At that time, record title to the subject property showed that the debtor owned an undivided 20% interest in the subject property, a residence, commonly known as 3691 Ashford Street, San Diego, California. Record title also showed that Heinig owned an undivided 80% interest in the same real property.

The following facts are undisputed. The debtor and Heinig were married in July of 1967. Thereafter, because of the irreconcilable differences between them, the debtor and Heinig were divorced on January 27, 1975. Under the terms of the divorce, the debtor was obligated to pay Heinig the sum of $10,000.00. $6,000.00 of the $10,000.00 was due on demand at anytime by Heinig provided the $6,000.00 was used as a down payment for the purchase of a residence of Heinig's choice.

In the Fall of 1976, Heinig decided to purchase the subject property. At the time she applied for her financing, she did not have a very large income. According to both the debtor and Heinig, the lender, Home Savings & Loan Association, required Heinig to obtain a co-signer for her residential loan. The debtor, who had since remarried, responded to Heinig's request and agreed as an accommodation only, to co-sign for the secured loan with Home Federal Savings & Loan Association. Additionally, he paid Heinig the $6,000.00 as part of the down payment on the subject property pursuant to the divorce decree. Apparently, when the debtor went to co-sign the loan he was advised by the loan officer that he would not be accepted as a co-signer unless his name and his current wife's name were on the deed with a stated interest of some amount. The figure of 20% was picked randomly by the parties and on December 15, 1976, Heinig acquired the subject property as her residence. The grant deed recited ownership vesting in "Jacqueline Jeanne Heinig, an unmarried woman, as to an undivided 80% interest, and Peter Heinig and Doreen M. Heinig, husband and wife, as joint tenants, as to an undivided 20% interest, as tenants in common."

On March 18, 1982, the debtor and his then wife Doreen M. Heinig obtained a divorce. The next day, on March 19, 1982, Doreen Heinig executed a quitclaim deed of her 20% interest in the subject property to the debtor. The quitclaim deed was recorded on March 23, 1982. On March 25, 1982, the debtor executed a quitclaim deed of his 20% interest in the subject property to Heinig. This deed, however, was never

recorded. Subsequently, on August 9, 1982, the debtor filed a petition under Chapter 11 of the Bankruptcy Code. On July 3, 1984, an order was entered converting the case to a Chapter 7 proceeding and appointing the trustee. The debtor did not list the 20% interest in the subject real property on his schedules nor did he list the fact that he had executed the quitclaim deed to Heinig on March 25, 1982. The debtor, by way of declaration, stated that he should have signed the quitclaim deed a lot earlier than he did and that he did not transfer the property to Heinig as a means to thwart or defeat the trustee.

## II.

## DISCUSSION

Title 11 § 544(a)(3) provides as follows: "(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(3) a bona fide purchaser of real property other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser and has perfected such transfer exists."

■ Section 544(a)(3) vests in the trustee the status of a bona fide purchase of real property against any transfer that could have been but was not perfected. *In re Szatkowski*, 51 B.R. 104 (Bankr.E.D. Wis.1985); *In re Harms*, 7 B.R. 398 (Bankr.D.Colo.1980). However, § 544(a)(3) is not intended to enable the trustee to ignore constructive notice of the transfer to third parties. *McCannon v. Marston*, 679 F.2d 13 (3rd Cir.1982).

■ Heinig contends that her position is supported by the holding of the Appellate Court in *McCannon v. Marston, supra.* The trustee argues that *McCannon v. Marston, supra* deals with a question of Pennsylvania law and further argues that the case of *In re Marino*, 49 B.R. 600 (Bankr. N.D.Cal.1985), controls in this Circuit. This Court however finds that *In re Marino, supra*, is not applicable to the present case. Specifically, in *In re Marino*, the issue was whether the trustee who had succeeded to Marino's 18.35% undivided share in real property could be held liable for his pro rata share of four unrecorded liens against the subject property which existed at the time of Marino's bankruptcy. Since there was no record notice of the liens or an underlying partnership interest from which the unrecorded liens arose and since there was nothing to give the trustee constructive notice, the District Court held that the trustee took Marino's portion of the real property free of those liens.

In the present case, at the time the debtor filed his Chapter 11 petition, Mrs. Heinig was living in the subject property. It had been her residence since December 15, 1976.

The law of California requires every conveyance of real property to be recorded in order to be valid against a subsequent purchaser or mortgagee of the same property, who in good faith and for valuable consideration records first.[1]

However, constructive as well as actual notice of a prior unrecorded transfer removes the subsequent purchaser from the protection of the recording acts.

In California, clear and open possession of real property generally constitutes constructive notice to subsequent purchasers of the rights of the party in possession. Such possession, even in the absence of

---

1. California Civil Code § 1214 states:
"Every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless such conveyance shall have been recorded prior to the record of notice of action."

recording, obliges any prospective subsequent purchaser to inquire into the possessor's claimed interests, equitable or legal in that property. *See, e.g., Natural Resources, Inc. v. Wineberg,* 349 F.2d 685 (9th Cir.1965); *High Fidelity Enterprises, Inc. v. Hull,* 210 Cal.App.2d 279, 26 Cal. Rptr. 654, (1962); *Manig v. Bachman,* 127 Cal.App.2d 216, 273 P.2d 596 (1954). Thus, in California, the rights of a subsequent purchaser who records do not take priority over those of one in clear and open possession of real property.

█ The trustee's status as a bona fide purchaser under 11 U.S.C. § 544(a)(3) is governed by applicable state law. This Court finds that in accord with California law the trustee does not take priority over the rights of Heinig, who was in clear and open possession of the subject property as of the commencement of the case.

### III.

### CONCLUSION

IT IS THEREFORE ORDERED that the motion for summary judgment of plaintiff/trustee Eric Wolf, as trustee in the bankruptcy of Peter Heinig, and against defendant Jacqueline Jeanne Heinig is denied. The summary judgment motion of Jacqueline Jeanne Heinig against the trustee is granted.

Judgment shall be entered in favor of defendant Jacqueline Jeanne Heinig determining that under 11 U.S.C. § 544(a)(3), the trustee is not an owner of an undivided 20% interest in the subject real property and that defendant Jacqueline Jeanne Heinig shall be and hereby is declared 100% owner in said real property.

This Opinion and Order for Summary Judgment constitutes finding of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for defendant is directed to file with this Court and serve on the parties, within ten (10) days from the date of entry hereof, a judgment consistent with this Opinion.