In re Marc A. **WEISMAN**, and Sheila J. Weisman, Debtors.

Jerome E. **ROBERTSON**, Trustee, Appellant,

v.

Marc **PETERS**, Appellee.

No. C–91–0402 EFL.

United States District Court, N.D. California.

Aug. 26, 1991.

Cathleen C. Moran, Palo Alto, Cal., for appellant.

Esther Z. Hirsh, Long & Levitt, San Francisco, Cal., for appellee.

## AMENDED ORDER AFFIRMING IN PART AND REVERSING IN PART JUDGMENT OF THE UNITED STATES BANKRUPTCY COURT

LYNCH, District Judge.

### I. SUMMARY

This matter comes on appeal from the judgment of the United States Bankruptcy Court for the Northern District of California, Division 5, in favor of defendant Marc Peters (appellee herein), denying the bankruptcy trustee any interest in the subject property at 565 Cambrian Drive, Campbell, California. This Court's jurisdiction is proper pursuant to 28 U.S.C. section 158(a).

The appeal raises the issue of whether 11 U.S.C. section 544(a)(3) permits constructive notice of another party's property interest to overcome a trustee's hypothetical bona fide purchaser status under that statute if constructive notice deprives a bona fide purchaser of the protection of the recording acts under applicable state law. If answered affirmatively, the case gives rise to a second issue: whether the bankruptcy court clearly erred in finding that the trustee had constructive notice of Mr. Peters' and/or his new wife's unrecorded interests in the subject property. This Court finds in the affirmative on both issues. Therefore, the judgment of the bankruptcy court is affirmed in part and reversed in part.

### II. STATEMENT OF FACTS

Both parties have stipulated to the following facts:

Sheila Weisman (formerly known as Sheila Peters), one of the debtors in the underlying proceeding, married appellee Marc Peters on August 31, 1963. The two bought the property at 565 Cambrian Drive, Campbell, California, (the "subject property") on August 8, 1967. They lived together on the subject property continuously from August, 1967 until March, 1985. Their marriage was dissolved effective November 4, 1985.

The two reached a property settlement agreement with respect to the dissolution of their marriage. Pursuant to it, appellee Peters had the right to purchase Sheila Weisman's interest in the subject property within three years of the agreement.

The judgment of dissolution of the marriage of Marc Peters and Sheila Weisman (then Sheila Peters), entered in Santa Clara County Superior Court Case No. 573920, was filed on October 24, 1985. The judgment of dissolution of marriage was not recorded with the County Recorder. In November 1985, Sheila J. Peters married Marc A. Weisman. Since that time she has been known as Sheila J. Weisman.

In accordance with the property settlement agreement between Mr. Peters and

Ms. Weisman, Mr. Peters undertook to purchase her interest in the subject property by refinancing the property and using the proceeds of the loan to pay her for it. However, the refinancing lender required Ms. Weisman to sign the loan documents as a condition of granting the loan, and, consequently, Ms. Weisman remained on title. Title in the subject property was transferred from Marc Peters and Sheila Peters, as community property, to Marc Peters, an unmarried man, and Sheila Weisman, a married woman as her sole and separate property, as tenants in common. The deed reflecting this transfer was dated June 23, 1986 and recorded on July 2, 1986.

The day after the date of that deed, Sheila Weisman's new husband (and one of the debtors in the underlying bankruptcy action), executed a quitclaim deed in favor of Ms. Weisman disavowing any interest in the subject property. That deed was dated June 24, 1986 and recorded on July 2, 1986.

By quitclaim deed dated June 25, 1986, Ms. Weisman transferred her interest in the subject property to Marc Peters after she received from him the proceeds of the aforementioned loan. The deed was delivered to Mr. Peters on or about August 27, 1986, but he did not record it until December 8, 1988, almost two years later.

Mr. Peters himself remarried. After Ms. Weisman had executed the quitclaim deed to him, but prior to its delivery, he married Niane Neergaard, on August 1, 1986. From that date to the present, Ms. Neergaard has lived openly and continuously on the subject property with Mr. Peters. He has lived openly and continuously on the property from August 1967 until the present.

On August 2, 1988, Marc A. and Sheila J. Weisman filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code. On that date, Mr. Peters and Ms. Neergaard were living openly on the subject property. However, as of that date, record title to the subject property was still held by Marc Peters and Sheila Weisman as tenants in common.

Prior to the time the trustee filed the underlying action, the trustee made no inquiry into the state of the title or the ownership of the subject property, other than to review a report indicating that Sheila Weisman was a record title holder to the subject property. The trustee has never made any inquiry of Mr. Peters or Ms. Neergaard regarding the title of the premises or regarding Ms. Neergaard's rights in the subject property.

Jerome E. Robertson, the appointed Chapter 7 trustee, claims a one-half interest in the subject property. By Memorandum Decision filed August 17, 1990, the bankruptcy court entered judgment in favor of Mr. Peters, holding that the bankruptcy trustee is not entitled to any interest in the subject property. This appeal followed.

## III. ISSUES ON APPEAL

The issues on appeal are two:

(1) whether Bankruptcy Code section 544(a)(3) permits constructive notice, if it strips a bona fide purchaser of the protection of the recording acts under applicable state law, to remove similarly the protection of the recording acts from the bankruptcy trustee as a hypothetical bona fide purchaser under 11 U.S.C. section 544(a)(3); and

(2) if so, whether the bankruptcy court clearly erred in concluding that the circumstances were sufficient to put appellant trustee on inquiry notice of another's interest in the subject property so as to constitute constructive notice of that interest under California law.

## IV. STANDARD OF REVIEW

The first issue, a statutory interpretation of Bankruptcy Code section 544(a)(3), is a question of law and is therefore reviewed under a *de novo* standard. *In re Nunn*, 788 F.2d 617 (9th Cir.1986). The second issue, whether the circumstances were sufficient to put one on inquiry so as to constitute constructive notice, is a question of fact and is therefore reviewed under the "clearly erroneous" standard. *In re Probasco*, 839 F.2d 1352, 1355 (9th Cir.1988).

## V. DISCUSSION

### A. Constructive Notice, If It Can Overcome The Rights Of A Bona Fide Purchaser Under Applicable State Law, Is Relevant To Determine The Rights Of A Bankruptcy Trustee As A Hypothetical Bona Fide Purchaser Pursuant To 11 U.S.C. Section 544(a)(3).

■ The question on appeal can be simply stated: whether the trustee may avoid the transfer to Peters of the debtor's one-half interest in the subject property, under the strong arm powers afforded the trustee pursuant to Section 544(a)(3). Section 544(a)(3) provides, in pertinent part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor ... that is voidable by—
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (3) a bona fide purchaser of real property ... from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of commencement of the case, whether or not such a purchaser exists.

This somewhat labyrinthine statute merits a brief restatement. It means that the trustee has the rights of a hypothetical bona fide purchaser of the debtor's property, who became a bona fide purchaser and had perfected the transfer at the moment the bankruptcy petition was filed, if indeed the transfer from the debtor to the bona fide purchaser could be perfected under applicable state law.[1]

■ The parties on appeal differ over the proper construction of the statute. Appellee contends that under section 544(a)(3),

the trustee, as hypothetical bona fide purchaser, has no greater rights than any other bona fide purchaser under state law. Under California law, a bona fide purchaser who records does not take priority over a prior transferee of whose transfer the bona fide purchaser had constructive notice. *In re Probasco*, 839 F.2d 1352, 1354 (9th Cir.1988). Therefore, appellee contends that if the trustee had, at the time the bankruptcy commenced, constructive notice of the unrecorded, prior interests in the subject property of Peters and/or Neergaard, the trustee would lack priority over appellee as to the one-half interest in the subject property at issue.

Appellant maintains that constructive notice, even if it removes the protection of the recording acts from a subsequent purchaser under California law, is irrelevant under section 544(a)(3) because that provision, by its terms, confers bona fide purchaser status upon the trustee "without regard to any knowledge of the trustee." Therefore, even if actual or constructive notice of a prior transfer would preclude a subsequent purchaser from having priority over the prior transferee, it should not affect the trustee's priority over a prior transferee for purposes of section 544(a)(3).

■ Appellant would have the court equate lack of "knowledge" under the statute with lack of legal "notice." However, the legislative history, the majority of decisions, and plain logic indicate that "knowledge" within that provision ought to be read to refer to personal knowledge, not legal notice, actual or constructive. The seminal decision on the issue is *McCannon v. Marston*, 679 F.2d 13 (3d Cir.1982). There, the Third Circuit had to determine the interrelationship of a bona fide purchaser's rights under Pennsylvania law as compared to those of a section 544(a)(3)

---

1. "The § 544(a)(3) hypothetical bona fide purchaser may be defined as follows: A person who (1) at the instant the petition is filed, purchases from the debtor; (2) for value; (3) in good faith; (4) without actual knowledge of any defect or limitation in title; (5) every interest in real property the debtor could have purported to convey without the terms of the conveyancing instrument itself evidencing irregularity; (6) by an instrument that adheres to all formal requisites usually and regularly followed in conveyance [and] is in writing and acknowledged; and (7) who as of the moment of purchase, takes all unilateral steps possible under relevant non-bankruptcy law to perfect the conveyance (e.g. recording)." *Saghi v. Walsh (In re Gurs)*, 27 B.R. 163, 165 (Bankr. 9th Cir.1983).

trustee. Under Pennsylvania law, as under California law, the rights of a subsequent purchase do not take priority over those of one in clear and open possession of real property that constitutes constructive notice of the latter's right to possession. The trustee argued that the clause "without regard to any knowledge of the trustee" made the prior transferee's constructive notice irrelevant to the trustee's powers and rights as a hypothetical purchaser.

The *McCannon* court extensively examined legislative history and determined that "knowledge" as used in section 544(a)(3) was meant to refer only to "actual knowledge" of the trustee, not notice, actual or constructive. *Id.* at 17. Indeed, if the "knowledge" element in section 544(a)(3) encompassed actual notice to the trustee, it would be over-inclusive to the point of absurdity. Section 544(a)(3) would render even recorded notice by a prior transferee insufficient to overcome the avoidance powers of a bankruptcy trustee. *See In re Cirasuolo,* 48 B.R. 447 (Bankr. N.D.N.Y.1985) (a trustee's avoidance powers would be so great that he would take priority even against prior transferees of the property from the debtor who actually recorded their interest); *In re Perrin's Marine Sales, Inc,* 63 B.R. 4 (Bankr. W.D.Mich.1985). Congress could not have intended such a result. As the *McCannon* court determined, "the words 'without regard to any knowledge" were not meant by Congress to nullify all state law protections of holders of equitable interests [in property].…" *Id.* at 16.

The overwhelming majority of subsequent cases addressing the issue have followed *McCannon* and held that the "knowledge" element of section 544(a)(3) encompasses only personal knowledge, not legal notice, actual or constructive. *See In re Morse,* 30 B.R. 52, 54 (Bankr. 1st Cir. 1983); *In re Probasco,* 839 F.2d 1352, 1354–53 (9th Cir.1988); *Saghi v. Walsh (In re Gurs),* 27 B.R. 163, 165 (Bankr. 9th Cir.1983); *In re Cirasuolo,* 48 B.R. at 450–

51; *In re Hardway Restaurant, Inc,* 31 B.R. 322 (Bankr.S.D.N.Y.1983); *In re Heinig,* 64 B.R. 456, 458 (Bankr.S.D.Cal. 1986); *In re Minton Group, Inc.,* 27 B.R. 385, 389 (Bankr.S.D.N.Y.1983); *In re Perrin's Marine Sales,* 63 B.R. at 7; *but see In re Nemacolin, Inc.,* 105 B.R. 6, 8 (Bankr.W.D.Pa.1989) (attempting to limit *McCannon* to cases involving executory contracts). Therefore, although the trustee is conferred a hypothetical bona fide purchaser status under federal bankruptcy law, "[t]he rights of the trustee vis-a-vis other parties are determined by reference to state law" and, in particular, state "notice" laws governing priority. *In re Morse,* 30 B.R. at 54 (section 544(a)(3) does not give the trustee "any greater rights than … any other person would have as a bona fide purchaser under state law"); *see In re Marino,* 813 F.2d 1562 (9th Cir.1987) (state law defines the powers of a bona fide purchaser for purposes of section 544(a)).

Appellant seeks to suggest that the majority position lacks currency in the Ninth Circuit, citing to *In re Tleel,* 876 F.2d 769 (9th Cir.1989). There, in dicta, the Ninth Circuit stated that because section 544 must be applied "without regard to any knowledge" of the trustee, "actual notice cannot overcome the Trustee's bona fide purchaser status." *Id.* at 772. Closer scrutiny indicates that the term actual "notice" was merely a semantic error by the *Tleel* court. The court cited in support a prior Ninth Circuit decision, *In re Marino,* 813 F.2d 1562 (9th Cir.1987), followed by the parenthetical "(actual knowledge irrelevant)." The parenthetical, paraphrasing *In re Marino,* is indeed correct. Perhaps not cognizant of the decisions distinguishing "knowledge" from legal "notice" with respect to section 544, the court appears to have either inadvertently substituted the term "notice" for "knowledge" or incorrectly viewed actual notice as synonymous with actual knowledge for purposes of the statute.[2] In either case, the *Tleel* decision

---

**2.** Indeed, the case upon which *Tleel* relied, *In re Marino,* directly relied upon *McCannon,* which unequivocally stands for the proposition that "knowledge" should not be equated with legal notice, actual or constructive, under the statute. *See McCannon,* 679 F.2d at 13 ("knowledge" element not meant to nullify rights of an earlier

nonetheless displays an awareness that *constructive* notice can enable a prior transferee to obtain priority over a trustee as hypothetical subsequent purchaser under section 544. Directly after the dicta that "actual" notice was irrelevant under the statute, the court nonetheless proceeded to determine that the trustee was not on constructive notice of the property interest there in dispute.

*In re Probasco* dispels any doubt whether the Ninth Circuit follows the majority position set forth in *McCannon.* That case, as here, involved the interplay of California law and section 544(a)(3). The Ninth Circuit decision initially set forth the California law that a prior transferee who, by open and clear possession of real property provides constructive notice of his right to possession, removes from a subsequent purchaser the protection of the recording acts, and therefore has priority over the subsequent purchaser.[3] The Court then specifically held that section 544(a)(3), although it renders "knowledge" irrelevant to the rights of the hypothetical bona fide purchaser, does not render constructive notice irrelevant:

> Eads, by virtue of section 544(a)(3), has the rights of a hypothetical bona fide purchaser. The language of the section renders the trustee's or any creditor's knowledge irrelevant. It does not, however, make irrelevant notice constructively given by open possession any more than it would make irrelevant the constructive notice given by recorded instruments that might evidence a competing claim of title to the real property in question.

*Id.* at 1354–55 (footnotes and citations omitted). The *Probasco* court thus indicates that the Ninth Circuit position concurs with that of the majority that constructive notice is relevant to the rights of hypothetical

bona fide purchaser, such as a trustee, under section 544(a)(3). Other decisions within the Ninth Circuit are in accord. *In re Heinig,* 64 B.R. at 458; *Saghi v. Walsh (In re Gurs),* 27 B.R. at 165. Therefore, this Court affirms the decision of the bankruptcy court that California law determines the trustee's rights as a hypothetical bona fide purchaser under section 544(a)(3) and that, where a trustee has constructive notice, as of the date the bankruptcy case commenced, of the prior transferee's interest in the subject property, the trustee loses the protection of California's recording acts and does not take priority over the rights of prior transferee.

*B. The Bankruptcy Court's Finding That The Facts And Circumstances Were Sufficient To Constitute Constructive Notice Of Mr. Peter's And/Or Ms. Neergaard's Unrecorded Interests Was Clearly Erroneous.*

 As a factual question, the Court reviews the bankruptcy court's finding, that there was constructive notice to the trustee of unrecorded rights of Mr. Peters and Ms. Neergaard in the subject property, under the clearly erroneous standard. This Court must affirm the finding unless "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

California Civil Code section 19 defines constructive notice:

> Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact.

---

transferee who "has given the rest of the word actual or constructive notice.")

**3.** The *Probasco* court summarized California law thus: "Actual or constructive notice of a prior unrecorded transfer removes a subsequent purchaser from the protection of the recording acts. Clear and open possession of real property constitutes constructive notice of the rights of

the party in possession to subsequent purchasers. Such a prospective purchaser must inquire into the possessor's claimed interests, whether equitable or legal.... Therefore, a bona fide purchaser who records does not take priority over one in clear and open possession of real property." *In re Probasco,* 839 F.2d at 1354 (citations omitted).

The appellee contends that the following circumstances were, in totality, sufficient to put the trustee on inquiry as to his right to possession in the entire property: (1) the state of the title, i.e., the change from Peters and the debtor as community property to them as tenants in common (2) the debtor was not in possession of the subject property even though on title; (3) Peters was in clear, open continuous possession of the property; and (4) Peters was living on the subject property with his new wife at the time of the bankruptcy in open, continuous and exclusive possession. These facts, appellee contends, were sufficient to create a duty on the part of the trustee to inquire as to the individual's interest and rights in the property, which, if prosecuted, would have informed the trustee of the title's true state.

■ The bankruptcy court found these circumstances constituted sufficient constructive notice of the unrecorded rights of Mr. Peters and Ms. Neergaard in the subject property. In so doing, the bankruptcy court relied chiefly upon *In re Heinig*, 64 B.R. 456 (Bankr.S.D.Ca.1986), a case with essentially identical facts to the one at bar.[4] Appellant does not attack the facts but rather the reasoning of that decision. There, the bankruptcy court found that the trustee had constructive notice of the complete ownership by the ex-spouse in possession, even though record title indicated the property was held by her and the debtor as tenants-in-common, because "clear and open possession of real property generally constitutes constructive notice to subsequent purchasers of the rights of the party in possession....," even in the absence of recording. *Id.* at 458–59. However, the court in *Heinig* ignored a fundamental exception, under California law, to the general rule: clear and open possession does not create a duty to inquire into the possessor's interests when such possession is consistent with record title. *See Schumacher v. Truman*, 134 Cal. 430, 432, 66 P. 591

(1901). That is to say simply this: a person's possession of property, if consistent with his property interest under the record title, would not cause a prudent person to suspect and to inquire if that person possesses a greater property interest than is in the record title. This Court respectfully disagrees with the conclusions of the *Heinig* court that circumstances like these constitute constructive notice of the possessor's unrecorded, claimed interests.

The law in California is well-settled that "inquiry does not become a duty when the apparent possession is consistent with the title appearing of record." *Id.* at 432, 66 P. 591 (collecting cases). In *Schumacher v. Truman*, a husband and wife entered into an unrecorded agreement giving the husband complete control and management of a property. However, by a divorce judgment, which was recorded, the husband and wife became tenants in common of the land. The ex-husband kept a tenant in his stead on the property. The ex-wife sold her one-half interest in the property to one Morgan, who in turn sold it to Truman. The ex-husband asserted that Truman could only take the one-half interest subject to the unrecorded agreement between the ex-husband and ex-wife that the ex-husband was to have complete control and management of the property. In support, he argued that the occupancy of the property by his tenant, as a proxy for himself, provided constructive notice of all of the ex-husband's rights in the property. The California Supreme Court rejected the argument:

> The rule that one who purchases land, which is not at the time in the possession of his vendor, takes the same in subordination to the rights of another who is in actual possession is subject to the qualification that such actual possession be ... inconsistent with the record title.... If actual possession is consistent with the record title, it will be presumed to be under that title and referable thereto.

---

**4.** There, record title to the subject property where the debtor's former spouse resided indicated that the property was held by the former-spouse, "an unmarried woman," and the debtor, as tenants in common. As in the present case, the debtor executed a deed quitclaiming his interest to the ex-spouse, but did not record it; therefore, he remained on title, even though it appears that only the ex-spouse was in possession, when he filed for bankruptcy.

*Id.* at 432, 66 P. 591 (citations omitted). Because the ex-husband, as co-tenant in common with his former wife, was entitled to possession of the whole of the land, his possession was consistent with the record title, and the subsequent purchaser "was not required to inquire of him whether he had some unrecorded claim in addition thereto." *Id.* at 433, 66 P. 591.

The definitive treatise on the real estate law of California is in accord:

> There is no implied notice to a subsequent party of any unknown claims or interests by a person in possession when the occupant's possession is consistent with the record title. Thus, for example, possession by only one co-tenant is not notice to a subsequent encumbrancer of any unrecorded agreements between the joint owners because such possession is consistent with the record title and does not impose any duty of inquiry on the subsequent party.

3 H. Miller & M. Starr, *California Real Estate,* § 8.65 (2d ed. 1989) (citing to *Kane v. Huntley Financial,* 146 Cal.App.3d 1092, 1095–96, 194 Cal.Rptr. 880 (4th Dist. 1983) (duty to inquire inapplicable where apparent possession consistent with record title); *Caito v. United California Bank,* 20 Cal.3d 694, 702, 144 Cal.Rptr. 751 (1978) (wife's possession not notice of claim that property is her separate property where title held by husband and wife as joint tenants). In the case at bar, the record title indicated that Peters and the debtor Sheila Weisman owned the subject property as tenants in common. "[I]t is a fundamental rule that each tenant in common has a right to occupy the whole of the property." *Russell v. Lescalet,* 248 Cal. App.2d 310, 313, 56 Cal.Rptr. 399 (2d Dist. 1967). Therefore, Mr. Peter's possession of the subject property is consistent with record title and insufficient, as a matter of California law, to have obligated the trustee, as a hypothetical subsequent purchaser, to inquire as to any unknown property interest of Peters imparted by the possession.[5]

Appellee attempts to distinguish the instant case by the fact that the subject property was possessed by, in addition to Mr. Peters, his new wife, Ms. Neergaard, a stranger to title. It appears that Mr. Peters contends that Ms. Neergaard's possession is indicia going to constructive notice of Mr. Peters' unrecorded interest and Ms. Neergaard's unrecorded interest in the subject property. However, the fact that Ms. Neergaard possessed the property jointly with a record title owner defeats this position. The definitive treatise on California real estate law states that "[g]enerally, when the record title owner shares the use and occupation of the premises with the holder of the unrecorded estate, a subsequent party does not have notice of the unrecorded estate." 3 H. Miller & M. Starr, *California Real Estate,* § 8.70 (2d ed. 1989) (citing to *Schumacher v. Truman,* 134 Cal. at 431, 66 P. 591 (husband and wife); *Houts v. First Trust and Savings Bank,* 34 Cal.App. 613, 168 P. 383 (1917) (husband and wife)). *A fortiori,* a subsequent purchaser would not thereby have notice of an unrecorded interest of that party in possession whose possession is consistent with record title. Consequently, the fact that a stranger to title, Ms. Neergaard, jointly occupied the subject property with a record title owner could

---

5. Appellee Peters seeks shelter behind the general rule that possession of land by one other than vendor puts an intending purchaser on inquiry notice of the possessor's interest. He relies upon *Basch v. Tidewater Associated Oil Company,* 49 Cal.App.2d (Supp.) 743, 745, 121 P.2d 545 (1942). Yet appellee ignores the exception to this rule acknowledged in that case. The *Basch* decision acknowledges the exception, not applicable in that case, that even possession by one other than the vendor is insufficient to create a duty of inquiry if that possession is consistent with the record title. *See Basch,* 49 Cal.App.2d (Supp.) at 745, 121 P.2d 545.

*In re Probasco* is not inconsistent with the opinion in the instant case. *Probasco* does not, as Peters contends, illustrate that "even where possession is consistent with title, there may still be a duty to inquire." Rather, it illustrates the opposite: where possession is not consistent with title, there is a duty to inquire. There, the Ninth Circuit held that even where record title indicated one party was sole owner of parcel "1," indicia of use and possession of that parcel "1" by a person not on record title as to parcel "1" gave rise to constructive notice of the latter's interest in it. *See In re Probasco,* 839 F.2d at 1356.

not generally be said to put a prudent person on inquiry notice of an unrecorded interest claimed by the record title owner or by Ms. Neergaard.

In exceptional circumstances, possession and use jointly by a record owner with a party lacking any recorded interest may constitute constructive notice of the latter's unrecorded interest. 3 H. Miller & M. Starr, *California Real Estate*, (2d ed. 1989) § 8.70. Miller & Starr cite as authority *Bessho v. General Petroleum Corp.,* 186 Cal. 133, 199 P. 22 (1921). There, the owner of a land plot orally leased the majority of the premises to a lessee, reserving a small corner occupied by a house for her own use. The lessee immediately cultivated his orally-leased plot, planting long beds and rows on it, thereby making it distinct from the portion reserved to the record owner. Such use and possession was sufficient to support a finding of the jury that a subsequent oral lessee had constructive notice of the prior oral lessee's interest. By contrast, the stipulated facts of the instant case do not indicate that Ms. Neergaard used the property in a manner that was clearly separate and distinguishable from Mr. Peter's use such as would put a subsequent party on notice of any unrecorded interest claimed by Ms. Neergaard.

Indeed, the prudent person of the constructive notice statute is a prudent person in the contemporary world. In the 1980's and 1990's, it is not uncommon for person who holds a titled interest in a property to occupy it jointly with a "significant other" who has no unrecorded interest in the property. In short, the occupancy of the subject property by Ms. Neergaard with Mr. Peters, whose possession was consistent with record title, was insufficient to constitute constructive notice of another unrecorded interest in the land claimed by Mr. Peters or Ms. Neergaard.

Because Mr. Peter's possession was consistent with record title, and because possession of property jointly by a party whose possession is consistent with record title with one who claims at best an unrecorded interest generally does not constitute constructive notice of either the former party's or the latter party's unrecorded interest, this Court rules that the bankruptcy court's finding, that the bankruptcy trustee had constructive notice of Mr. Peters' and/or Ms. Neergaard's unrecorded interest in the subject property, is clearly erroneous. Accordingly, it is reversed.

As a result, the bankruptcy court's finding that the appellant trustee is not entitled to any interest in the subject property is also reversed. Because the circumstances did not provide constructive notice of the unrecorded interests, the trustee, as a hypothetical bona fide purchaser, is afforded the protection of the recording acts under California state law. Pursuant to California Civil Code section 1214[6] and Bankruptcy Code section 544(a)(3), the bankruptcy trustee's status derives from record title on the date of the bankruptcy filing. The record title as of the date the bankruptcy commenced reflected that the debtor held a one-half undivided interest in the subject property as tenant in common with Marc Peters. Accordingly, the bankruptcy trustee is entitled to an undivided one-half interest in a tenancy in common in the subject property.

IT IS SO ORDERED.

---

**6.** California Civil Code section 1214 provides: "Every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless such conveyance shall have been recorded prior to the record of notice of action."