**In re COLUMBIA PACIFIC MORTGAGE, INC., Debtor.**

**Bankruptcy No. 80–01590.**

United States Bankruptcy Court,
W. D. Washington.

Sept. 3, 1981.

Arthur H. McKean of Aiken, St. Louis & Siljeg, Seattle, Wash., for Bohemian Savings & Loan Assoc.

Kimberly Osenbaugh and Susan Boyle of Bogle & Gates, Seattle, Wash., for Community Sav. & Loan Ass'n.

Daniel M. Caine and D. Gordon Willhite of Sax & MacIver, Seattle, Wash., for trustee.

## MEMORANDUM AND ORDER

KENNETH S. TREADWELL, Bankruptcy Judge.

This is an action by the Bohemian Savings and Loan Association of Cedar Rapids, Iowa, to recover from the Trustee proceeds of sales of real estate to which it claims it is entitled under its Loan Participation and Service Agreement with the debtor, Columbia Pacific Mortgage, Inc.

Community Federal Savings and Loan Association intervened in this action in support of Bohemian's position. Community on January 24, 1980, purchased a 90% participation ownership interest in 41 single family residential loans from Columbia Pacific Mortgage, Inc. for the sum of $1,672,-963.50.

The Debtor is a mortgage company engaged in the business of financing the construction and purchase of single family residences in the States of Washington, Oregon, Idaho and Montana. On July 10, 1980, it filed its voluntary petition under Chapter 11 of the Bankruptcy Code and since said date its business has been continued by a Trustee appointed under Sec. 1104 of that Code.

In the regular course of its business the debtor packaged and sold undivided participation interest in loans it negotiated to a number of savings and loan associations, a majority of which are located in the Midwest. Bohemian Savings and Loan Association, on August 31, 1979, purchased from Debtor an 80% interest in a package of 49 loans for the sum of $1,960.078.00. Prior to the order of relief, three of the loans fell into default and the debtor obtained title to the properties. These three properties were liquidated by the Debtor-in-Possession for the net sum of $200,700.00. It is 80% of this fund that Bohemian Savings and Loan Association seeks to recover from the Trustee. In response, the Trustee, has launched an attack on the validity of Bohemian's ownership interest, asserting that since Bohemian did not obtain possession of the promissory notes and/or record partial assignments of the deeds of trust which secure the notes,

the interest of Bohemian is void under Sec. 544(a)(3) of the Code.

The Trustee's attack must fail for three substantial reasons.

■ 1. Participation ownership interests in property acquired in the secondary mortgage market are fully protected by Sec. 541(d) of the Bankruptcy Code.

■ 2. The holders of participation certificates are beneficial owners of an undivided interest in the loans and Columbia Pacific Mortgage, Inc. (seller) holds the notes and deeds of trust in trust for the purchasers.

■ 3. A participation ownership interest in a note secured by a deed of trust is not a real property interest subject to attack by a Trustee as a bona fide purchaser under Sec. 544(a)(3) of the Bankruptcy Code.

Mortgage participations have been enforced by the courts in this country in a wide variety of situations for well over 100 years. *Batesville Institute v. Kauffman*, 85 U.S. 151, 154, 21 L.Ed. 775 (1873). The courts have uniformly held that the purchaser of a mortgage participation certificate was entitled to his proportionate share of the mortgage proceeds. *Prudence Realization Corp. v. Geist*, 316 U.S. 89, 62 S.Ct. 978, 86 L.Ed. 1293 (1942); *Delatour v. Prudence Realization Corp.*, 167 F.2d 621 (2nd Cir. 1947); *Coffey v. Lawman*, 99 F.2d 245 (6th Cir. 1938); In re *The Westover, Inc.*, 82 F.2d 177 (2nd Cir. 1936); *Title Guarantee & Trust Co. v. Mortgage Comm'n*, 273 N.Y. 415, 7 N.E.2d 841 (1937); *Domeyer v. O'Connell*, 364 Ill. 467, 4 N.E.2d 830 (1936); *Northern Bond & Mortgage v. Cowell*, 172 Wash. 217, 20 P.2d 11 (1933); *Price v. Northern Bond & Mortgage Co.*, 161 Wash. 690, 297 P. 786 (1931).

Participation certificates have been enforced in a number of bankruptcy cases and receivership proceedings. *FDIC v. Mademoiselle of California*, 379 F.2d 660 (9th Cir. 1967); *Stratford Financial Corp. v. Finex*,

367 F.2d 569 (2nd Cir. 1966); *Mayfield v. First National Bank of Chattanooga*, 137 F.2d 1013 (6th Cir. 1943).

However, in none of the reported cases had the validity of participations been challenged by bankruptcy trustees or equity receivers. It wasn't until 1976 in the *Hamilton Mortgage* case (*In re Hamilton Mortgage Corporation*, No. BK–1–76–264 (DC, E.D.Tenn., So.Div. unreported) that a bankruptcy trustee challenged the validity of participation interests in loans sold by the Hamilton Mortgage Corporation to a number of savings and loan associations. This attack and its resolution by settlement raised the specter of future challenges to mortgage participations by bankruptcy trustees.[1]

In an obvious effort to eliminate the uncertainties developing in the national secondary mortgage market and to promote that market by protecting participation interests in loans from challenge in bankruptcy, Congress enacted Sec. 541(d) of the Bankruptcy Code (11 U.S.C. § 541(d)) which provides:

"(d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."

Congress by enacting Sec. 541(d) confirmed the status of bona fide secondary mortgage transactions as the purchase and sale of assets. Congress specifically noted that the seller's retention of original loan

1. *See* Drake & Weems, (*Mortgage Loan Participations: The Trustees Attack*, 52 Am.Bankr. L.J. 23 (1978) and the answer by mark E. MacDonald, *Loan Participations as Enforceable Property Rights in Bankruptcy—A Reply to the Trustee's Attack*, 53 Am.Bankr.L.J. 35 (1979).

documents and the purchaser's decision not to record under state recording statutes would not in any way impair the asset sale character or validity of the secondary mortgage market transaction.

■ The express purpose of Congress inserting into Sec. 541(d) the following words

"such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest."

was to exempt secondary mortgage market transactions from compliance with state recording statutes and Article 9 of the Uniform Commercial Code and to make certain that secondary mortgage market sales as they are currently structured would not be subject to challenge by bankruptcy trustees. This is clearly disclosed by the legislative history of this section:

"The seller of mortgages in the secondary mortgage market will often retain the original mortgage notes and related documents and the seller will not endorse the notes to reflect the sale to the purchaser. Similarly, the purchaser will often not record the purchaser's ownership of the mortgages or interests in mortgages under State recording statutes. These facts are irrelevant and the seller's retention of the mortgage documents and the purchaser's decision not to record do not change the trustee's obligation to turn the mortgages or interests in mortgages over to the purchaser. The application of section 541(d) to secondary mortgage market transactions will not be affected by the terms of the servicing agreement between the mortgage servicer and the purchaser of the mortgages. Under section 541(d), the trustee is required to recognize the purchaser's title to the mortgages or interests in mortgages and to turn this property over to the purchaser. It makes no difference whether the servicer and the purchaser characterize their relationship as one of trust, agency, or independent contractor.

The purpose of section 541(d) as applied to the secondary mortgage market is therefore to make certain that secondary mortgage market sales as they are currently structured are not subject to challenge by bankruptcy trustees and that purchasers of mortgages will be able to obtain the mortgages or interests in mortgages which they have purchased from trustees without the trustee's asserting that a sale of mortgages is a loan from the purchaser to the seller.

Thus, as section 541(a)(1) clearly states, the estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case. To the extent such an interest is limited in the hands of the debtor, it is equally limited in the hands of the estate except to the extent that defenses which are person against the debtor are not effective against the estate. 124 Cong.Rec. H. 11, 114 (Sept. 28, 1978); S. 17, 430–1 (Oct. 6, 1978)."

The provisions of this section do more than validate participation interest. The principle purpose of Sec. 541(d) is to recognize and exempt from estates all property held in trust by the debtor. For Sec. 541(a)(1) provides that the commencement of a case creates an estate comprised of "all legal and equitable interest of the debtor in property". Sec. 541(d) limits and clarifies Sec. 541(a)(1) by providing the estate acquires only the debtor's legal title and not any equitable interest in the property not held by the debtor.

The "Loan Participation and Service Agreement" clearly discloses a sale by Columbia Pacific Mortgage of an interest in a loan to Bohemian, i.e. "Seller wishes to sell and Purchaser wishes to buy a participating interest in certain loans." "The purchase of a participating interest hereunder", "the sale of such a participating interest", "the sale of the participating interest", the sale of the participating interest by seller to purchaser hereunder shall be without recourse". Then Paragraph 7 provides:

"Seller shall retain the physical possession of the mortgages, mortgage instruments,

and policies of insurance, all in trust for the account of seller and purchaser as owners thereof. Seller is authorized subject to this Loan Participation Agreement to retain the participation loans in seller's own name and to deal with the same as though an absolute owner. Except as otherwise provided herein, any person, firm or corporation may deal with seller concerning said loans in the same manner as though seller were the sole owner and no participating interest were outstanding. Seller represents and warrants, however, that it will exercise the same degree of care in respect to the participation loans that it exercises in the servicing and administration of loans for its own account."

■ The Participation Agreement clearly and unequivocally creates an express trust under the laws of the State of Washington. *Hoffman v. Tieton View Methodist Church*, 33 Wash.2d 716, 207 P.2d 699 (1949). The estate created by Sec. 541 succeeds to all the property of the debtor and all property that the trustee may acquire under avoiding powers but as to trust property, either express or constructive, the trustee holds subject to the interest of the beneficiary. *Pearlman v. Reliance Insurance Co.*, 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190 (1926); *Todd v. Pettit*, 108 F.2d 139 (5th Cir. 1939); *American Service Co. v. Henderson, et al.*, 120 F.2d 525 (4th Cir. 1941); *Stratford Financial Corporation v. Finex Corp.*, 367 F.2d 569 (2d Cir. 1966); *Selby v. Ford Motor Co.*, 590 F.2d 642 (6th Cir. 1979).

Finally the trustee maintains that he may void Bohemian's participation interest under Sec. 544 of the Bankruptcy Code which provides in part:

§ 544 TRUSTEE AS LIEN CREDITOR AND AS SUCCESSOR TO CERTAIN CREDITORS AND PURCHASERS.

(a) The trustee shall have, as of the commencement of the case, . . ., the rights and powers of, or may void any transfers of property of the debtor . . . . that is voidable by—

(3) a bona fide purchaser of real property from the debtor . . . . .

■ Trustee contends that under the laws of the State of Washington the deed of trust constitutes real property and as a bona fide purchaser thereof he defeats the rights of an unrecorded participant. Deeds of Trust are real property under Washington Law, R.C.W. 65.08.060 but it does not follow that participating ownership interests are real property. Bohemian purchased and is the owner of an undivided 80% participation in 41 separate loans. By its purchase it acquired undivided interests in notes secured by deeds of trust. The transfer of an 80% interest in the note conveys the benefit of the security as a matter of law. The trustee cannot reach the note or Bohemian's interest therein for as to that property he is armed only with the rights of a judgment creditor. Congress never granted to the trustee the rights of a bona fide purchaser or holder in due course of a negotiable instrument. His claim against the security must fail for the Deed of Trust is of no value without the note it secures.

On the date of the petition for relief, the debtor held the fee title to the three parcels of real property that the trustee liquidated for $200,700.00 and in which Bohemian had an undivided participation ownership interest of 80%. The fee title had been obtained by Columbia Pacific Mortgage, Inc. in performance of its obligations under the "Loan Participation and Servicing Agreement" Paragraph 12 which provides:

"Seller shall give prompt notice to Purchaser of any default under the terms of the mortgage instruments. Seller may act upon any default and upon the security property by any procedure which may be necessary, including the acceptance of a deed in lieu of foreclosure or the purchase at a foreclosure sale or trustee's sale. Seller shall exercise the judgment of a prudent lender in Seller's lending area. Seller may manage, maintain, or dispose of property so acquired in any manner necessary and the Seller and the Purchaser shall share ratably in the income and expense thereof. Upon such disposition of such property, Purchaser

shall share ratably with Seller in the net proceeds of sale, all in proportion to their respective interests in the participation loan in default. Seller shall at all times take appropriate action to maintain any FHA or VA insurance now in force on the participation loans, and in the event of default to obtain the proceeds from such insurance and to share the same ratably with Purchaser.

It acquired title in the normal operation of its business as a mortgage company dealing in the secondary mortgage market and as trustee for the participation owner. Nevertheless, the debtor, at the time of filing, did hold unencumbered title as to the world because no notice of any kind was given or existed as to the interest of the participant.

Therefore, a bona fide purchaser from Columbia Pacific Mortgage, Inc. would obtain title of the property free of any claim of Bohemian. The trustee pursuant to Sec. 544(a)(3) of the Code holds the same rights and unless those rights have been limited by Sec. 541(d) will prevail over the claim of Bohemian.

As heretofore discussed, it was the clear intent of Congress in inserting into Sec. 541(d) the following words:

"such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest"

to exempt secondary mortgage market transactions from the necessity of compliance with state recording statutes. This was accomplished by eliminating from the estate the equitable interest of the participant in the property whether such interest be real or personal. No creditor has been mislead by the action of the mortgage company's acquiring title. It would be a complete frustration of Congressional intent to permit the trustee to bring into the estate under his bona fide purchaser rights property that Congress had specifically eliminated from the estate. In other words the immunization from the trustee's attack granted by Congress extends to all phases of the transactions and where the debtor obtains title pursuant to its servicing contract that title cannot be challenged by the trustee.

Upon the foregoing

It is Ordered that the trustee turn over to Bohemian Savings and Loan Association 80% of the net proceeds received from the three parcels of property together with all interest earned thereon.