**In re MARVIN PROPERTIES, INC., Debtor.**

**CONSOLIDATED MARKETING, INC., Appellant,**

v.

**MARVIN PROPERTIES, INC., dba Cut & Ready Foods, Robert Crane, Marvin Feinstein and the Bank of California, Appellees.**

**BAP No. NC–87–1149–MeAsE.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued June 19, 1987.

Decided July 17, 1987.

Robert W. Shapiro, King, Johnson & Shapiro, Oakland, Cal., for appellant.

Duane M. Geck, Severson, Werson, Berke & Melchior, San Francisco, Cal., for appellees.

Before MEYERS, ASHLAND and ELLIOTT, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

This case involves the issue of whether a creditor fulfilled the requirements of the Perishable Agricultural Commodities Act ("PACA") to preserve the benefits of a statutory trust. The Bankruptcy Court found that where the written notice required by PACA is not given, the buyer's receipt of actual notice does not save the trust. We AFFIRM the decision of the Bankruptcy Court.

### II

### BACKGROUND

The Debtor was in the business of processing agricultural products into frozen foods. Between December 20, 1985 and February 4, 1986, Consolidated Marketing, Inc. ("Consolidated") sold perishable com-

modities to the Debtor on credit. As of February 4, 1986, the Debtor was in default on payments for the perishable goods. To protect its right to payment, Consolidated sought to preserve its rights to a statutory trust under the PACA statutes. Section 499e provides for a trust covering the proceeds of the sale of the goods if the seller complies with certain notice requirements. 7 U.S.C. § 499e. On February 11, 1986, Consolidated sent a notice of its intent to preserve its rights under Section 499e of PACA to the Secretary of Agriculture and the Secretary acknowledged receipt of the notice. Consolidated neglected to send a similar notice of intent to the Debtor as the statute required. However, the Secretary of Agriculture did mail a copy of its acknowledgement to the Debtor. Thus, the Debtor had actual notice of Consolidated's intent to preserve its rights under PACA.

The Debtor filed a Chapter 11 petition on February 13, 1986. The Bank of California ("Bank"), Appellee herein, was a creditor secured by the Debtor's inventory and proceeds. The Bank obtained relief from stay to foreclose on its security interest in the Debtor's frozen foods. Consolidated then filed a complaint to determine the validity of its interest in the frozen foods. Consolidated also requested the turnover of property which it claimed was subject to the trust under PACA.

After a hearing on Consolidated's motion for summary judgment, the Bankruptcy Court found that Consolidated had not complied with the statutory requirements to establish the trust. Therefore, it granted summary judgment in favor of the defendants in the suit. Consolidated now appeals.

### III

### DISCUSSION

■■■■ A federal court, on one party's motion for summary judgment, may *sua sponte* grant summary judgment for the nonmoving party where from the record there is no genuine dispute regarding material facts and the nonmoving party is entitled to judgment as a matter of law. *Portsmouth Square v. Shareholders' Pro-*

*tective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985). The Bankruptcy Court's grant of summary judgment is reviewed on appeal under the *de novo* standard. *In re Center Wholesale, Inc.*, 788 F.2d 541, 542 (9th Cir.1986).

Under Section 499e(c) of Title 7, the sale of agricultural commodities to a produce dealer creates a trust on the goods in favor of the seller for the amount of the unpaid obligation. 7 U.S.C. § 499e(c)(2); *In re Prange Foods*, 63 B.R. 211, 214 (W.Mich. 1986). This trust is superior to any lien or security interest held by the dealer's secured lender and serves to protect the unpaid produce sellers. 7 U.S.C. § 499e(c)(1); *In re Fresh Approach, Inc.*, 48 B.R. 926, 928 (N.Tex.1985).

In order to preserve the benefits of this trust, the unpaid seller must fulfill simple yet specific notice requirements. Section 499e(c)(3) states:

> The unpaid supplier, seller, or agent shall lose the benefits of such trust *unless such person has given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker and has filed such notice with the Secretary* within thirty calendar days (1) after expiration of the time prescribed by which payment must be made, as set forth in regulations issued by the Secretary, [or] (ii) after expiration of such other time by which payment must be made, as the parties have expressly agreed to in writing before entering into the transaction[.]

7 U.S.C. § 499e(c)(3) (emphasis added). *See also* 7 C.F.R. 46.46(g). Thus, a seller of produce must supply written notice to the buyer of intent to preserve the trust and must file such notice with the Secretary. The issue in this case is whether Consolidated preserved its trust by fulfilling these statutory requirements.

In enacting PACA, Congress intended for courts to look at caselaw developed under a similar law passed in the Packers and Stockyards Act ("PSA") for guidance. *In re Fresh Approach, Inc.*, 49 B.R. 494, 497 (N.Tex.1985); H.R.Rep. No. 543, 98th

Cong. 2nd Sess. 12 (1983), U.S.Code Cong. & Admin.News 1984, pp. 405, 415. The PSA law provides for a statutory trust in favor of the seller of livestock against the buyer which is superior to any lien or security interest of the buyer's secured lender. 7 U.S.C. § 196(b). Section 196(b) sets out the conditions for preserving the trust:

> [T]he unpaid seller shall lose the benefit of such trust if, in the event that a payment instrument has not been received, within thirty days of the final date for making a payment ... the seller has not preserved his trust under this subsection. *The trust shall be preserved by giving written notice to the packer and by filing such notice with the Secretary.*

7 U.S.C. § 196(b) (emphasis added).

The Fifth Circuit has ruled that the notice requirements under Section 196(b) are not satisfied by the Secretary's receipt of actual notice. *In re Gotham Provision Co.*, 669 F.2d 1000, 1013 (5th Cir.1982). In *Gotham*, the seller of livestock provided proper notice to the buyer but failed to formally notify the Secretary. The Fifth Circuit found that the unambiguous language of the statute plainly stated Congress' intent to require the seller to *file* notice with the Secretary. Thus, mere actual notice was inadequate. 669 F.2d at 1013.

Consolidated claims that an agency relationship existed between it and the Department of Agriculture such that notice from the Secretary should also be considered notice from Consolidated. However, Consolidated admits that this argument is raised for the first time on appeal. The Panel generally does not consider new arguments on appeal. *In re Blumer*, 66 B.R. 109, 111 (9th Cir. BAP 1986). We decline to review this issue.

Consolidated also contends that the *Gotham* case should not be followed because it relates to a statute concerned with cash sales while the present case involves credit sales. It further argues that the *Gotham* court relied on the statutory requirement that the seller "file" notice with the Secretary. According to Consolidated, *Gotham* is irrelevant because the present case does not involve the word "file" in the notice requirements to the Debtor. Consolidated claims that the PACA statute should be liberally construed in its favor so that actual notice to the Debtor will preserve the trust. This would fulfill Congress' intent of protecting the sellers of perishable goods.

We find these arguments to be without merit. The PSA trust statute is very similar in form and purpose to the PACA trust statute and PACA's legislative history implies that courts should look to constructions of PSA for guidance. The fact that the present case involves credit and not cash sales is irrelevant for our purposes. *See* H.R.Rep. No. 543, *supra* at 6–7. While it is true that *Gotham* involved Consolidated's failure to notice the Secretary, as opposed to the failure to notice the debtor, *Gotham* is nevertheless applicable to the present case because the Fifth Circuit construed the trust statute strictly and held that mere actual notice is inadequate where the statute expressly requires the seller to give formal notice. 669 F.2d at 1013. Where the statutory language is plain, there can be no liberal construction in the seller's favor. 669 F.2d at 1013 n. 16.

Section 499e(c)(3) unambiguously requires the *seller* of the commodities to give the buyer *written* notice of the intent to preserve the trust benefits. *See* H.R.Rep. No. 543, *supra,* at 6. The acknowledgement from the Secretary of Agriculture was clearly inadequate to this task. It was not sent by Consolidated and did not properly document the notice to the Debtor of its fiduciary duties as trustee of the goods. *See In re Fresh Approach, Inc*, 51 B.R. 412, 423 (N.Tex.1985). Furthermore, we agree with the *Gotham* court that actual notice is insufficient where the statute obviously contemplates written notice sent from the party asserting the trust. Since Consolidated failed to fulfill the simple requirements to preserve its interest in the trust, the Bankruptcy Court properly found that the trust had failed.

We AFFIRM.