In re Samir B. TLEEL; Lupana Tleel, Debtors

Joseph N. CHBAT, Appellant,

v.

Samir B. TLEEL; Lupana Tleel; Robert A. Fischer, Trustee, Appellees.

No. 87–6635.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 1989.

Decided May 31, 1989.

Robert Schacter, Torrence, Cal., for appellant.

E. Paul Tonkovich, Santa Ana, Cal., for appellees.

Before WALLACE, CANBY, and TROTT, Circuit Judges.

CANBY, Circuit Judge:

The bankruptcy court granted summary judgment on behalf of Robert N. Fischer (the "Trustee"), trustee of the estate of Samir B. Tleel and Lupana Tleel ("debtors"). The Bankruptcy Appellate Panel ("BAP") affirmed, 79 B.R. 883 (1987). Both courts ruled that, because of the Trustee's "strong arm" powers under 11 U.S.C. § 544(a)(3), as a matter of law Joseph N. Chbat ("Chbat") can demonstrate no interest in a certain parcel of real property (the "Property") which would remove the Property from the debtors' estate. Chbat contends that he is entitled to a constructive trust on the proceeds of the sale of the Property and that the "strong arm" provision of 11 U.S.C. § 544(a)(3) does not "override" 11 U.S.C. § 541(d). We review the bankruptcy court's conclusions of law de novo. In re Probasco, 839 F.2d 1352, 1353–54 (9th Cir.1988).

## BACKGROUND

Debtors, Chbat, and two other parties acquired the Property in August of 1978. A month later, debtors bought out the interests of the co-owners and sold the Property to a third party (the "Purchaser") by entering into a land sale contract.[1] Under the contract, debtors retained legal title to the Property and the Purchaser was required to make installment payments totaling $400,000.

In December of 1984, debtors filed a Chapter 11 petition. After apparently instituting nonjudicial foreclosure proceedings because of the Purchaser's failure to make payments under the land sale contract, debtors sought the bankruptcy court's authorization to sell the Property free and clear of all liens. On July 31, 1985, the court approved the debtors' request to sell the property free and clear without prejudice to the rights of the Trustee to proceed with foreclosure proceedings. The Property was sold on June 20, 1986, for $465,000. The debtors' equity in the Property was $225,000.

Meanwhile, in 1980, Chbat filed a complaint in state court, alleging an oral partnership with the debtors entitling Chbat to a constructive trust on half the proceeds of the land sale contract. When the debtors filed for bankruptcy, the state proceeding was stayed. Prior to the Trustee's appointment in July of 1985, Chbat filed an adversary action (or, in the alternative, a proof of claim in bankruptcy), requesting a constructive trust on the proceeds from the sale of the Property.[2] In August of 1986, the bankruptcy court granted the Trustee's motion for summary judgment in the adversary action. The BAP affirmed.

## DISCUSSION

I. Applicability of 11 U.S.C. § 544(a)(3).

Under section 544(a)(3)[3], the trustee of a bankruptcy estate may avoid any transfer of real property or obligation of the debtor that would be voidable under state law by a bona fide purchaser of real property from the debtor. *In re Marino*, 813 F.2d 1562, 1565 (9th Cir.1987). The bankruptcy court and the BAP held that this "strong arm" power permitted the Trustee to avoid Chbat's constructive trust claim.

Chbat contends that the land sale contract entered into by the debtors and the Purchaser is not an interest in "real property" covered by section 544, but rather is an "executory contract" governed by 11 U.S.C. § 365. Section 365 gives the trustee power to reject or assume an executory contract. Unless and until rights under an executory contract are timely and affirmatively assumed by the trustee, they do not become property of the debtor's estate. *In re Lovitt*, 757 F.2d 1035, 1041 (9th Cir.), *cert. denied sub nom. Cheadle v. Appleatchee Riders Ass'n*, 474 U.S. 849, 106 S.Ct. 145, 88 L.Ed.2d 120 (1985). Because the land sale contract was never assumed by the Trustee, Chbat argues, the debtors' interest under that contract is not part of the property subject to the Trustee's "strong arm" powers.

Whether or not the land sale contract was executory, the bankruptcy court's order permitting the Trustee to sell

---

1. Debtors sold the property to Robert Mooney who apparently transferred his interest to Richard and Verla V. Vandenberg sometime between 1979 and 1985. In this memorandum, both Mooney and the Vandenbergs will be referred to as the Purchaser.

2. Chbat filed a *lis pendens* on the property at about this time, which was subsequently ordered expunged by the bankruptcy court. No *lis pendens* was ever filed in connection with the state court proceeding.

3. All references to sections in this opinion refer to sections of Title 11 of the United States Code unless otherwise indicated.

Section 544(a)(3) provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

the property free and clear of all liens or to proceed to foreclosure sale operated as an assumption of the contract. Section 365 and Bankruptcy Rules 6006(a) and 9014 require the debtor to file a formal motion to assume, providing reasonable notice and an opportunity for a hearing. *Sea Harvest Corp. v. Riviera Land Co.*, 868 F.2d 1077, 1079, 1080 (9th Cir.1989); *In re Treat Fitness Center, Inc.*, 60 B.R. 878, 879 (9th Cir. BAP 1986). In this case, the formal actions taken in bankruptcy court by the debtor-in-possession acting as trustee, and later by the Trustee, to obtain permission to sell the Property free and clear of all liens and to obtain an order authorizing foreclosure constitute an adequate assumption with sufficient notice. The debtors' Notice of Intention to Sell/Transfer the Property and Motion to Sell/Transfer Interests in Real Property Free and Clear of Liens, Interests or Encumbrances was served on all creditors and other parties in interest.[4] A hearing on the matter was held on July 16, 1985, where counsel for Chbat appeared. Chbat also entered written objections. All the requirements of Bankruptcy Rules 6006 and 9014 were satisfied. The debtor's interest under the contract therefore properly became a part of the bankruptcy estate.

■ Chbat also argues that the debtors' interest in the Property under the land sale contract is not an interest in "real property" for purposes of section 544(a)(3). This contention is without merit. Under the land sale contract, the seller/debtors retained legal title to the Property until the Purchaser paid $400,000 in installments. *See* Cal.Civ.Code § 2985. Legal title is plainly an interest in real property.[5]

II. Application of Section 544(a)(3).

We have had occasion to discuss the effect of constructive trust claims upon bankruptcy estates. In *In re North American Coin & Currency, Ltd.*, 767 F.2d 1573, 1575 (9th Cir.1985), *cert. denied sub nom. Torres v. Eastlick*, 475 U.S. 1083, 106 S.Ct. 1462, 89 L.Ed.2d 719 (1986), we observed:

> While we agree that any constructive trust that is given effect must be a creature of [state] law, we cannot accept the proposition that the bankruptcy estate is automatically deprived of any funds that state law might find subject to a constructive trust. A constructive trust is not the same kind of interest in property as a joint tenancy or a remainder. It is a remedy, flexibly fashioned in equity to provide relief where a balancing of interests in the context of a particular case seems to call for it ... Moreover, in the case presented here it is an inchoate remedy; we are not dealing with property that a state court decree has in the past placed under a constructive trust. We necessarily act very cautiously in exercising such a relatively undefined equitable power in favor of one group of potential creditors at the expense of other creditors, for ratable distribution among all creditors is one of the strongest policies behind the bankruptcy laws.

(citations omitted). We held that the state law applied in this context must be consistent with federal bankruptcy law. *Id.*

In this case, however, we do not need to determine whether Chbat is entitled to a constructive trust under California law and whether such an entitlement is consistent with federal bankruptcy law. Even if it is assumed that Chbat's interest could qualify for a constructive trust, the Trustee, as a

---

4. In his written opposition to debtors' motion, Chbat stated that he did not receive notice of debtors' intention to sell which was purportedly sent to all creditors on April 9, 1985. He did, however, admittedly receive the subsequent Motion to Sell/Transfer Interests in Real Property on or about April 26, 1985. The hearing on the motion was held more than 2½ months later and Chbat appeared. The bankruptcy court's order specifically addressed Chbat's concerns. Chbat was not prejudiced by any failure to receive the first notice.

5. Chbat relies on *In re Columbia Pacific Mortgage, Inc.*, 20 B.R. 259 (Bankr.W.D.Wash.1981). *In re Columbia Pacific Mortgage* held that participation ownership interests in a note secured by a deed of trust acquired in the secondary mortgage market were not interests in real property for purposes of section 544(a)(3). *Id.* at 263. Participation ownership certificates in property and legal title held subject to the purchaser's equitable interest are clearly distinguishable.

bona fide purchaser of the Property, had no actual or constructive notice of Chbat's alleged interest under California law. Therefore, the Trustee could take priority over Chbat's interest. The BAP's analysis is sound.

The powers of a bona fide purchaser for purposes of section 544(a) are defined by state law. 813 F.2d at 1565. In California, a purchaser for value of real estate without actual or constructive notice of a prior interest is given bona fide purchaser status. *See* Cal.Civ.Code §§ 1214, 1217; 4B. Witkin, *Summary of California Law*, Real Property § 206 (9th ed.1987). Section 544, however, must be applied "without regard to any knowledge of the trustee or of any creditor." 11 U.S.C. § 544(a). Therefore, actual notice cannot overcome the Trustee's bona fide purchaser status. *In re Marino*, 813 F.2d at 1565 (actual knowledge irrelevant). Also, Chbat did not record his alleged interest in the Property prior to the filing of the debtors' Chapter 11 petition (the expunged *lis pendens* was attempted after filing) and Chbat was not in possession of the Property. In fact, Chbat's first amended complaint in bankruptcy court claimed only an interest in the oral partnership, not in the Property itself.[6]

The Trustee therefore had no constructive or inquiry notice. Cal.Civ.Code §§ 19, 1213. *See In re Gurs*, 27 B.R. 163, 165 (9th Cir. BAP 1983) (constructive notice by *lis pendens*); *In re Heinig*, 64 B.R. 456, 458 (Bankr.S.D.Cal.1986) (open possession as constructive notice). *See also In re Duffy–Irvine Assoc.*, 39 B.R. 525, 529 (Bankr.E.D.Pa.1984) (filing by holder of alleged mortgage lien of complaint in equity prior to bankruptcy filing was not suffi-

cient constructive notice because action not recorded).

At oral argument, Chbat relied on *In re Matter of Torrez*, 63 B.R. 751 (9th Cir. BAP 1986), *aff'd on other grounds*, 827 F.2d 1299 (9th Cir.1987). *Torrez* held that the "strong arm" power of section 544 could not make the corpus of the valid *resulting* trust in that case property of a bankruptcy estate. *Id.* at 754. Chbat argues that *Torrez* should be extended to the *constructive* trust in this case. This extension of *Torrez* is unwarranted. *Torrez* did not hold that section 544 was inapplicable in general to resulting trusts or any other kind of trust. Rather, the BAP, applying section 544(a)(3), held that the debtor-in-possession in that case did not qualify as a bona fide purchaser for value without notice under California law and therefore could not invoke the avoidance power of section 544(a)(3). *Id.* *Torrez* leaves open, rather than forecloses, the possibility that under certain circumstances the corpus of a valid resulting trust may become estate property upon exercise of section 544(a)(3)'s avoidance powers. Neither *Torrez*, nor Chbat, presents any reason why we should not apply this reasoning to a constructive trust.[7]

III. Relationship Between Section 544(a)(3) and Section 541(d).

Section 541(d) provides:

Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage ... becomes property of the estate ...

---

6. Paragraph 8 of Chbat's first amended complaint states:

In November of 1978, plaintiffs and debtor Samir B. Tleel entered into an oral partnership agreement wherein it was agreed that each of them would have a fifty percent (50%) ownership interest in the partnership, that the partnership would obtain a loan to improve the real property, and that it would be resold.

7. Even if we were to read *Torrez* as broadly as Chbat suggests, resulting trusts and constructive trusts are distinguishable. Under California law, "a resulting trust is implied by operation of law whenever a party pays the purchase price

for a parcel of land and places the title to that land in the name of another. Cal.Civ.Code Section 853." *Id.* at 754. (footnote omitted). A resulting trust carries out the parties' intentions. 7 Witkin, *Summary of California Law*, Trusts § 123 (8th ed. 1984). In contrast, a constructive trust is a discretionary equitable remedy to avoid a wrongdoing. *Id.* at § 123. In this case, where a constructive trust has only been *requested* by Chbat and has not even been imposed by a state court, a claim of a constructive trust may not represent as firm an interest in property as a resulting trust.

only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold. 11 U.S.C. § 541(d). This section was adopted by Congress to address bona fide secondary mortgage market transactions. Chbat contends that because the debtors held only legal title to the Property, while Chbat had an equitable interest by virtue of his alleged constructive trust, under section 541(d) his equitable interest was never a part of the estate subject to the Trustee's avoidance powers under section 544(a)(3). We reject this argument.

A number of cases have held that a trustee's section 544(a)(3) "strong arm" powers take preference over equitable limitations imposed on a bankrupt's estate under section 541(d). *In re Cascade Oil Co.*, 65 B.R. 35, 41 (Bankr.D.Kan.1986) (the debtor-in-possession as trustee can avoid investor's constructive trust interest in lease notwithstanding section 541(d)). *See In re General Coffee Corp.*, 41 B.R. 781, 783–84 (Bankr.S.D.Fla.1984); *In re Anderson*, 30 B.R. 995, 1009–10 (M.D.Tenn. 1983); *In re Elin*, 20 B.R. 1012, 1016–17 (D.N.J.1982). The general reasoning behind this conclusion is set forth in *In re Cascade Oil:*

> Th[is] Court is primarily persuaded by the analysis of §§ 541 and 544 set out in *In re Great Plains Western Ranch Co., Inc.*, 38 B.R. 899 (Bankr.C.D.Cal.1984). In that case Judge Ayer carefully reviewed both §§ 541 and 544 and their antecedents in the Bankruptcy Act of 1898 and concluded that some equitable limits were imposed upon the property to which a debtor trustee succeeded under § 541, but that any equitable claims could be avoided under § 544(a)(3).

Great Plains, a limited partnership, had record title to two ranches in Mississippi and Texas upon the filing of its Chapter 11 in California. The limited partners asserted rights in the land under various theories, including a constructive trust. While assuming the fraud necessary to support the imposition of a constructive trust, Judge Ayer concluded that the trustee's powers under § 544(a)(3) al-

lowed Great Plains to avoid any claim of the limited partners under constructive trust principles or otherwise. . . . Judge Ayer rather succinctly summarized his conclusions as follows:

> Even conceding that the property rights of the estate are derivative from the property rights of the debtor, still the trustee enjoys additional powers quite independent of his powers under Section 541, and in no way derivative from the debtor's rights at state law. Failure to consider section 544 together with section 541 may lead to misleading generalizations and sometimes to unsound results. [citations omitted.]

38 B.R. at 905.

65 B.R. at 39.

■ Chbat's contention that under section 541(d) *all* beneficial or equitable owners of property may exempt their property from the debtor's estate in *all* circumstances, notwithstanding the debtor's legal title and the avoidance powers of section 544, goes too far. This interpretation would open the door to allegations of secret deals resulting in constructive trusts and thereby shelter some unsecured claims from avoidance. This result was not intended by the Bankruptcy Code and is contrary to the policy goal of ratable distribution among creditors. On the other hand, it is not necessary for us to go as far as the BAP, which held that section 541(d) applies only to those beneficial owners whose interests cannot be otherwise avoided under section 544. A fair reading of the statutes in this context mandates only that section 544(a)(3) prevail in this and similar instances. Chbat's asserted constructive trust clearly represents the kind of inchoate claim that section 544(a)(3) was designed to cut off.

Holding that section 544(a)(3) "overrides" section 541(d) as a matter of law in this case is consistent with *In re Lewis W. Shurtleff, Inc.*, 778 F.2d 1416 (9th Cir.1985) and *In re North American Coin, supra.* Although neither case specifically discusses avoidance of constructive trust interests

under section 544(a)(3), both declined to subject property to a constructive trust when the trust would result in exclusion of property from the debtor's estate due to section 541(d), undermining the Bankruptcy Code's policy in favor of ratable distribution. *In re Shurtleff,* 778 F.2d at 1420; *In re North American Coin,* 767 F.2d at 1391.[8]

. The decision of the Bankruptcy Appellate Panel is AFFIRMED.

---

**8.** *In re Columbia Pacific Mortgage, Inc.,* 20 B.R. 259, 263–64 (Bankr.W.D.Wash.1981), does not compel a different result. As discussed above, *In re Columbia Pacific Mortgage* held that section 541(d) prohibits a trustee from avoiding the interest of a purchaser of an unrecorded secondary mortgage market participation. However, that holding was based on legislative history of section 541(d) evidencing specific congres-

sional intent to exclude secondary mortgage market transactions from the scope of section 544(a)(3). *In re Anderson,* 30 B.R. 995, 1009 n. 11 (M.D.Tenn.1983).