**In re Marc A. WEISMAN and Sheila J. Weisman, Debtors.**

**Jerome E. ROBERTSON, Trustee, Plaintiff,**

v.

**Marc PETERS, Defendant.**

**Bankruptcy No. 588–03961–ASW. Adv. No. 890010.**

United States Bankruptcy Court, N.D. California.

Aug. 17, 1990.

**914**

Robert E. Mallen, Edward F. Donohue, Esther Z. Hirsch, Long & Levitt, San Francisco, CA.

Michelle K. Rubin, Law Offices of Cathleen Cooper Moran, Palo Alto, CA.

## MEMORANDUM DECISION

ARTHUR S. WEISSBRODT, Bankruptcy Judge.

### I. BACKGROUND

This case is before the Court upon stipulated facts. In August 1967, debtor Sheila Weisman (formerly Sheila Peters but referred to herein as "Weisman") bought a single family home located at 565 Cambrian Drive, Campbell, California, with her then husband, Marc Peters ("Peters"), defendant in this action.

Their marriage was terminated, effective November 4, 1985. Pursuant to the property settlement agreement, Peters purchased Weisman's interest in the property by refinancing it. The lender to the refinancing required Weisman to remain on title to the subject property to facilitate the loan. As a result, title was transferred from Marc Peters and Sheila Peters (now Sheila Weisman), as community property, to Marc Peters, an unmarried man, and Sheila Weisman, a married woman, as tenants-in-common. The deed was recorded on July 2, 1986.

Peters paid Weisman for her interest in the property. Upon receipt of payment for her interest, Weisman executed a quit claim deed, dated June 25, 1986, transferring her interest in the subject property to Peters. The deed was delivered to Peters but was not recorded until after Weisman filed for bankruptcy. Weisman did not list the property at 565 Cambrian Drive as an asset in her bankruptcy petition.

Weisman had lived with Peters on the subject property from August 1967 to March 1985. Peters remarried in August 1986, and continues to live on the property with his wife, Niane Neergaard.

Based upon the record title of the property, the trustee sued Peters, claiming an interest in the subject property as an asset of the Weisman bankruptcy estate and seeking to sell the property free and clear of Peters' interest therein.

## II. *DISCUSSION*

On August 2, 1988, when the bankruptcy petition herein was filed, Jerome Robertson, trustee of the bankruptcy estate, acquired, by virtue of his statutory "strong arm" powers, 11 U.S.C. § 544(a)(3), the status of a *bona fide* purchaser with respect to the subject property. The California recording acts provide in part for voidance of any unrecorded conveyance of real property as against any subsequent *bona fide* purchaser.[1]

■ Although actual knowledge on the part of the trustee of any transfer is irrelevant under the Code, under California law, if the trustee had constructive notice of a transfer of the property or an interest therein, regardless of whether or not such an interest had been recorded, the trustee loses the protection of California's recording acts.

■ In determining what constitutes constructive notice, the courts look at clear and open possession. As the United States Court of Appeals for the Ninth Circuit has stated, "Clear and open possession of real property constitutes constructive notice of the rights of the party in possession to subsequent purchasers. Such a prospective purchaser must inquire into the possessor's claimed interests, whether equitable or legal." *In re Probasco*, 839 F.2d 1352, 1354 (9th Cir.1988) (citing *In re Heinig*, 64 B.R. 456, 458–59 (Bankr.S.D.Cal.1986)). "Whether the circumstances are sufficient to put one on inquiry of another's interest in property is a question of fact." *Probasco*, 839 F.2d at 1355.

■ Peters and Niane Neergaard were in clear and open possession at the time Weisman filed for bankruptcy. Their clear and open possession, plus the divorce and subsequent marriages of both of the parties holding legal title (*i.e.*, Weisman and Peters), and the change in title from community property to tenancy-in-common, should have raised suspicions on the part of the trustee and put the trustee on notice that future investigation of the interest of the parties in possession would be warranted. Moreover, Weisman did not list the property as an asset of her bankruptcy estate.

The facts in this case are essentially the same as to those in *In re Heinig*, cited favorably by the Ninth Circuit in *Probasco*, where the Bankruptcy Court for the Southern District of California found sufficient constructive notice to the trustee to require him to inquire into the possessor's claimed interests, equitable or legal. Indeed, counsel for the trustee admitted on oral argument before this Court that *In re Heinig* was indistinguishable from the instant case, but argued that the case was erroneously decided.

*In re Tleel*, 876 F.2d 769 (9th Cir.1989), does not support the trustee's position here. In *Tleel*, the Ninth Circuit stated that clear and open possession constitutes constructive notice to the trustee. The Court then ruled in favor of the trustee in that case because the party claiming an interest in the property in dispute did not have possession of it. Furthermore, *Tleel* dealt with an alleged constructive trust, which the Ninth Circuit explicitly distinguished from other property interests. The court saw the alleged holder of a constructive trust as a creditor who should not be favored over other creditors. The court expressed concern that assertions of secret deals resulting in constructive trusts might shelter some unsecured claims from avoidance. That result would be contrary to the policy goal of a ratable distribution among creditors.

In this case, however, Peters is asserting an interest consistent with his open possession of the property with his wife for two years preceding Weisman's petition in bankruptcy. Furthermore, the equities strongly favor Peters. Peters actually paid for the subject property two years

---

**1.** California Civil Code § 1214 provides: "Every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless such conveyance shall have been recorded prior to the record of notice of action."

**916**

before Weisman filed her bankruptcy petition and it would be inequitable to force him to pay for it twice. Moreover, because of the passage of two years between the transfer of, and payment for the property, and the filing of Weisman's bankruptcy petition, the creditors of Sheila Peters (Weisman) and Marc Peters at the time of their divorce and transfer of the property in 1986 are likely different from the creditors of Weisman's bankruptcy estate. It would be a windfall to the creditors of Weisman's estate to recover these funds.

Because open and clear possession of the property by Peters and his wife constituted constructive notice of the rights of the parties in possession to subsequent purchasers, the Court finds that the trustee is removed from the protection of California's recording acts and does not take priority over the rights of defendant Peters to an undivided interest in the subject property. That result is consistent with the equitable considerations involved in this case.

### III. CONCLUSION

The Court rules in favor of defendant Peters. The Trustee is not entitled to any interest in the subject property and his complaint must therefore be dismissed. Counsel for the defendant shall lodge with the Court within 20 days a proposed form of Judgment in conformity with this decision.

The foregoing Memorandum shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Each party shall bear its own costs.