**In re Joan Schueman PALMER, Debtor.**

**Richard A. MARSHACK, Trustee, Plaintiff,**

v.

**Fred SAUER and Marcia Plahm–Sauer, Defendants.**

**Bankruptcy No. SA 91–36731JB. Adv. No. SA 91–03837JB.**

United States Bankruptcy Court, C.D. California.

April 24, 1992.

---

766

Robert P. Goe, Burd & Marshack, Santa Ana, Cal., for trustee.

Ross L. Edgell, Jr., Edgell and Edgell, Orange, Cal., for defendants.

## AMENDED MEMORANDUM OF DECISION

JAMES N. BARR, Bankruptcy Judge.

### PROCEDURAL BACKGROUND

The Chapter 7 Bankruptcy Trustee (the "Trustee") commenced this adversary proceeding seeking an adjudication of the rights of the parties with respect to real property located in New Mexico (the "Property"). The Trustee then filed a motion for summary judgment against Fred and Marcia Plahm–Sauer (the "Sauers") on the sole basis that, as a bona fide purchaser under 11 U.S.C. § 544(a)(3)[1], he may defeat the Sauers' claim that Joan Schueman Palmer (the "Debtor") was holding the Property in trust for them. Based on the following findings of fact and conclusions of law, I will deny the Trustee's motion for summary judgment and, *sua sponte*, grant summary judgment to the Sauers.

### FACTS

In September, 1989, the Sauers attempted to purchase the Property from Wayne and Jean Miller (the "Millers"). Because of their bad credit history, the Sauers were unable to consummate the sale. Thus, the Debtor, Marcia Plahm–Sauer's mother, agreed to purchase the Property on their behalf. On January 12, 1990, the Millers transferred legal title to the Property to the Debtor pursuant to a warranty deed that was recorded in Bernalillo County, New Mexico. Fred Sauer testified that he and his wife paid the down payment and all mortgage payments, insurance premiums and property taxes on the Property. The Trustee has not disputed this testimony.

The Sauers and the Debtor then entered into an agreement, dated March 9, 1990 (the "Agreement"), pursuant to which they agreed, among other things, that: (i) the Debtor obtained a mortgage and took legal title to the Property because the Sauers' bad credit history prevented them from doing so; (ii) the Sauers "owned" the Property; and (iii) when "practical," the Debtor would transfer any "right, title and interest" in the Property to the Sauers.

In May, 1990 (i.e., more than a year before this bankruptcy case was commenced), the Debtor signed and delivered a warranty deed to the Sauers that apparently transferred her interest in the Property to them. Fred Sauer testified that he did not record that warranty deed because he was concerned that the Debtor's mortgagee would consider the transfer to be a default under the loan agreement. However, notwithstanding that transaction, the Debtor, the Sauers and the Trustee have all agreed, for purposes of this motion, that the Debtor had legal title to the Property at the time she filed the Chapter 7 petition.

On June 13, 1991, the Sauers entered into a written lease agreement with Susannah Specht ("Specht") for a one year period. Specht has paid all of the lease payments to the Sauers. The Debtor filed a Chapter 7 petition on July 15, 1991, at which time Specht was occupying the Property. The Trustee was appointed on August 6, 1991.

### JURISDICTION

This court has jurisdiction over this case pursuant to § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district) and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and pro-

---

1. All references to code sections are to sections of Title 11 of the United States Code unless otherwise noted.

ceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## ISSUES

The following issues are presented by the Trustee's motion: (i) is the Property held in trust for the Sauers; and (ii) may the Trustee avoid the Sauers' interest in the Property pursuant to § 544(a)(3)?

## ANALYSIS

### Summary Judgment Basics

■ The Trustee has the initial burden of identifying the portion of the record which demonstrates the lack of genuine issues of material fact. If that burden is met, the burden of going forward with evidence to establish the existence of such issues shifts to the Sauers. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Fed.R.Civ.Proc. 56(e), as made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that the non-moving party may not rest on mere allegations or denials of its pleading, but must set forth specific facts demonstrating a genuine issue of material fact. A dispute about a material fact is "genuine" if the evidence offered would enable a reasonable jury to return a verdict for the non-moving party; a fact is "material" if it affects the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Thus, I must grant the Trustee's motion for summary judgment if the record shows that there is no genuine issue of material fact and the uncontroverted facts support judgment for the Trustee. Alternatively, I may grant summary judgment to the Sauers, *sua sponte*, if there is no genuine issue of material fact and the uncontroverted facts support such a ruling. *In re Marvin Properties, Inc.*, 76 B.R. 150, 152 (Bankr. 9th Cir.1987), *aff'd on other grounds*, 854 F.2d 1183 (9th Cir.1988), citing *Portsmouth Square v. Shareholders'*

*Protective Comm.*, 770 F.2d 866, 869 (9th Cir.1985).

### Is the Property Presently Held in Trust for the Sauers?

■ The Sauers contend that they are the beneficiaries of a resulting trust and the Trustee has not argued otherwise. To determine whether a valid resulting trust exists, I must apply New Mexico law because the Property is located in that state. *In re Torrez*, 63 B.R. 751, 754 (Bankr. 9th Cir.1986), *aff'd on other grounds*, 827 F.2d 1299 (9th Cir.1987) (the validity of a trust must be determined under the laws of the state in which the real property is located).

■ In *Aragon v. Rio Costilla Coop. Livestock Assn.*, 112 N.M. 152, 812 P.2d 1300 (1991), the New Mexico Supreme Court held that a resulting trust arises when a person transfers property under circumstances which raise an inference that he intended the transferee to have only legal title and not a beneficial interest in the property, the inference is not rebutted, and the beneficial interest in the property is not disposed of. A resulting trust may arise when: (i) an express trust partially or totally fails; (ii) a trust is fully performed without exhausting the trust res; or (iii) one person pays the purchase price for real property and requests that it be conveyed to another person. *Aragon*, 112 N.M. at 155, 812 P.2d 1300.

■ In contrast, an express trust is created by the direct and positive acts of the parties: a writing, a deed, a will, or by words which expressly or impliedly demonstrate a desire to create a trust. While an express trust does not have to be in writing, there must be some memorandum to prove that it exists. *Aragon*, 112 N.M. at 155, 812 P.2d 1300. Unlike a resulting trust which is implied by the nature of the transaction, an express trust is established by the actions of the parties.

■ In the present case, Fred Sauer and the Debtor both testified that, at the time the Property was transferred to the Debtor, they intended that the Debtor would hold legal title to the Property for the

benefit of the Sauers. Approximately three months later, the Debtor and the Sauers memorialized their intentions in the Agreement. The testimony of the Debtor and Fred Sauer (which is uncontroverted by the Trustee) and the Agreement clearly demonstrate that the parties intended to place title to the Property in an express trust for the benefit of the Sauers and that intent was memorialized in a subsequent writing. Thus, I find, as a matter of law, that the Debtor held the Property in an express trust for the benefit of the Sauers at the time this bankruptcy case was commenced.

### *May the Trustee avoid the Sauers' interest in the Property pursuant to § 544(a)(3)?*

The Trustee relies solely on the court of appeals' holding in *In re Tleel*, 876 F.2d 769 (9th Cir.1989) to support his argument that he may, as a bona fide purchaser under § 544(a)(3), avoid the Sauers' interest in the Property. The Sauers argue that under the Bankruptcy Appellate Panel's (the "BAP") holding in *Torrez*, the Trustee cannot avoid their interest in the Property.

In *Tleel*, the debtors, Joseph Chbat ("Chbat") and two other parties acquired certain real property in August, 1978. After buying out the interests of the co-owners, the debtors sold the property to a third party (the "Purchaser") pursuant to a land sale contract. Under that contract, the debtors retained legal title to the property and the Purchaser agreed to make installment payments to the debtors totalling $400,000.

In 1980, Chbat brought a state court action alleging that the debtors breached an oral partnership agreement and requested that the court impose a constructive trust on half the proceeds of the land sale contract in his favor. In December, 1984, the debtors filed a Chapter 11 petition.

After the Purchaser defaulted on the land sale contract, the debtors apparently instituted nonjudicial foreclosure proceedings. The bankruptcy court approved the debtors' motion to sell the property free and clear of any liens. Chbat then commenced an adversary proceeding seeking a constructive trust on the proceeds from the sale of the property. The trustee brought a motion for summary judgment arguing that he could avoid Chbat's alleged constructive trust claim under § 544(a)(3). The bankruptcy court granted the trustee's motion for summary judgment action and the BAP affirmed.

Upon appeal, the circuit court of appeals first considered whether the trustee was a bona fide purchaser for purposes of § 544(a)(3). Because the property was located in California, the court of appeals looked to California law to make that determination. Under Cal.Civ.Code §§ 1214 and 1217, a bona fide purchaser is defined as a purchaser for value without actual or constructive notice of a prior interest. The court of appeals then held that because § 544(a)(3) must be applied "without regard to any knowledge of the trustee or of any creditor," actual notice would not affect the trustee's bona fide purchaser status. It ruled that the trustee did not have constructive or inquiry notice of Chbat's alleged constructive trust claim because Chbat did not record his interest in the property and he was not in possession of the property. With that, the court of appeals concluded that the trustee was a bona fide purchaser under § 544(a)(3).

The court of appeals then rejected Chbat's argument that his equitable interest in the property, by virtue of his alleged constructive trust claim, was not property of the estate under § 541(d) [2] and held that a trustee's avoidance powers under § 544(a)(3) take precedence over § 541(d) in "this and [other] similar circumstances.

2. Section 541(d) provides:
[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

Chabat's asserted constructive trust clearly represent[ed] the kind of *inchoate* claim that section 544(a)(3) was designed to cut off." *Tleel*, 876 F.2d at 773 (emphasis added). The court of appeals, citing its prior holding in *In re North American Coin & Currency, Ltd.*, 767 F.2d 1573, 1575 (9th Cir.1985), *modified*, 774 F.2d 1390 (9th Cir. 1985), stated that extreme caution must be exercised in imposing an equitable remedy such as a constructive trust because to do so would favor one group of potential creditors over another; thereby undermining the policy of ratable distribution among all creditors. *Tleel*, 876 F.2d at 771. *See also In re Seaway Exp. Corp.*, 912 F.2d 1125 (9th Cir.1990) (trustee who was a bona fide purchaser under § 544(a)(3) could avoid a bank's inchoate constructive trust claim).

The Trustee's reliance on *Tleel* is misplaced because the facts in that case are distinguishable from those here. In the *Tleel* case, the court of appeals held that the trustee was a bona fide purchaser under § 544(a)(3) because he did not have constructive or inquiry notice of Chbat's inchoate constructive trust claim. It then held that the trustee could assert its powers under § 544(a)(3) to avoid Chbat's inchoate constructive trust claim. As I will discuss in more detail later, the Trustee here is not a bona fide purchaser for purposes of § 544(a)(3) because he had constructive notice of the Sauers' interest in the Property; thus, *Tleel* is not controlling here.

In *Torrez*, John and Jessie Torrez (the "Torrezes") purchased certain real property but requested that the former owners convey legal title to their son and daughter-in-law, the debtors. They entered into this transaction for the sole purpose of circumventing federal reclamation laws. The debtors then transferred the property to a relative, Rachel Torrez Tristao ("Tristao") for no consideration. After filing their Chapter 11 petition, the debtors commenced an adversary proceeding to recover the property from Tristao and to quiet title thereto against the Torrezes, who asserted rights as the beneficiaries of an alleged resulting trust. The bankruptcy court held, in part, that the transfer to Tristao was a voidable fraudulent transfer under § 548(a)(2) and that the Torrezes could not enforce the resulting trust because it was created for an illegal purpose.

Upon appeal, the BAP first considered whether there was a valid resulting trust. Under Cal.Civ.Code § 856, only a bona fide purchaser without notice can avoid a resulting trust. The BAP noted that the Torrezes farmed the property and one of their workers lived there and held that the debtors were not bona fide purchasers for purposes of § 544(a)(3) because they had constructive notice of the Torrezes' interest in the property. It further held that the debtors lacked standing to invoke the unclean hands doctrine to avoid the resulting trust because they were not harmed by the Torrezes' illegal conduct. With that, the BAP reversed the bankruptcy court's decision and the court of appeals affirmed.

The *Torrez* decision is consistent with the Ninth Circuit's interpretation of § 544(a)(3), which allows a bankruptcy trustee to avoid all obligations and transfers that are voidable by a bona fide purchaser of real property *"without regard to any knowledge* of the trustee or of any creditor."* (emphasis added). The Ninth Circuit has interpreted that phrase to encompass actual knowledge but not constructive notice. For example, in *In re Marino*, 813 F.2d 1562, 1565 (9th Cir.1987), the court of appeals held that a trustee's actual knowledge was irrelevant under § 544(a)(3). The court of appeals, citing *McCannon v. Marston*, 679 F.2d 13, 16–17 (3rd Cir.1982), further held that constructive notice, as defined and applied by applicable state law, limited a trustee's avoidance powers under § 544(a)(3). *Marino*, 813 F.2d at 1565. I am bound to follow the Ninth Circuit's rulings as to the interpretation of § 544(a).

■■■ The BAP's holding in *Torrez* is controlling in this case or, if not controlling, the reasoning of that tribunal should be applied here if I find that the Trustee is not a bona fide purchaser. The powers of a bona fide purchaser for purposes of § 544(a) are defined by the state law in

which the property is located. *See Marino*, 813 F.2d at 1565. Because of the situs of the Property, I must determine whether the Trustee is a bona fide purchaser under New Mexico law. In *McBee v. O'Connell*, 19 N.M. 565, 145 P. 123 (1914), the New Mexico Supreme Court held that a purchaser of real estate, which is in the possession of someone other than the seller, must make a good faith inquiry as to that person's interest. If he fails to do so, then he will be charged with constructive notice of any facts that may have been otherwise disclosed. *See also Citizens Bank of Clovis v. Hodges*, 107 N.M. 329, 757 P.2d 799 (N.M.Ct.App.1988) (bank was deemed to have constructive notice of Hodges' interest in the property because they were in possession of that property).

In the present case, the Trustee argues that he did not have notice of the Sauers' interest in the Property. As the Trustee's actual knowledge of the Sauers' interest in the Property is irrelevant, I will only consider whether he had constructive notice of their interest. In that regard, it is uncontroverted that Specht was in possession of the Property at the time that the Debtor filed her Chapter 7 petition and that any inquiry of Specht would have revealed that she was leasing the Property from the Sauers rather than from the Debtor. Under applicable New Mexico law, then, the Trustee is deemed to have constructive notice of the Sauers' interest in the Property. The Trustee is not now, and never could have been, a bona fide purchaser of the Property because his rights and powers as a bona fide purchaser under § 544(a) arose at the time the Debtor filed her petition and he had constructive notice of the Sauers' interest at that time. Therefore, I find that, as a matter of law, the Trustee cannot invoke the avoidance powers of § 544(a)(3). Based thereon, I will deny the Trustee's motion for summary judgment and, *sua sponte*, grant summary judgment to the Sauers.