**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: BRANFORD PARTNERS, LLC, Debtor, | No. 08-60052 |
| | BAP No. CC-08-1021-PaMkK |
| ALL-TEX, INC., Appellant, v. BRANFORD PARTNERS, LLC; BERT F. FORNACIARI, individually and as co-trustee of the Fornaciari Family Revocable Truste Dated January 15, 2002; LINDA COX FORNACIARI, individually and as co-trustee of the Fornaciari Family RevocableTrust dated January 15, 2003; CALIFORNIA ENVIRONMENTAL REDEVELOPMENT FUND; MCOM, LLC, Appellees. | MEMORANDUM * |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel

---

 *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pappas, Klein, and Markell, Bankruptcy Judges, Presiding

Argued and Submitted March 4, 2010
Pasadena, California

Before: CANBY, GOULD and IKUTA, Circuit Judges.

We have jurisdiction to review the decision of the Bankruptcy Appellate Panel under 28 U.S.C. § 158, and we affirm.

Branford Partners, LLC, was not required to plead in a separate adversary proceeding its avoidance powers under 11 U.S.C. § 544 and § 545 as a defense to All-Tex, Inc.'s alleged liens and interests in the property, and the bankruptcy court properly treated Branford's motion to dismiss as a motion for summary judgment. *See* Fed. R. Bankr. P. 7001, 7012, 7056; *Chbat v. Tleel (In re Tleel)*, 876 F.2d 769, 770 (9th Cir. 1989); *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1532–33 (9th Cir. 1985).

A bona fide purchaser under California law would not have had constructive or inquiry notice of All-Tex's alleged liens and interests in the property because All-Tex did not record its interests in the title record, did not file a *lis pendens*, and did not have clear and open possession of the property in a manner that contradicted record title. *See, e.g.*, *Robertson v. Peters (In re Weisman)*, 5 F.3d 417, 420–21 (9th Cir. 1993); *Nat'l Bank of Alaska, N.A. v. Erickson (In re Seaway*

2

*Express Corp.)*, 912 F.2d 1125, 1128–29 (9th Cir. 1990); *Tleel*, 876 F.2d at 772. Neither the property's possible use as a landfill nor the reference to the contract in the city's files would have put a reasonably prudent purchaser on constructive or inquiry notice of the alleged liens and interests. *See Probasco v. Eads (In re Probasco)*, 839 F.2d 1352, 1355 (9th Cir. 1988).

The bankruptcy court did not err in concluding that Branford could avoid All-Tex's alleged liens and interests in the property, and that All-Tex could not assert a separate claim for specific performance. *See Weisman*, 5 F.3d at 419–21; *see also Sherwood Partners, Inc. v. Lycos, Inc.*, 394 F.3d 1198, 1204 (9th Cir. 2005); *Aslan v. Sycamore Inv. Co. (In re Aslan)*, 909 F.2d 367, 370–71 (9th Cir. 1990).

**AFFIRMED.**